E-FILED
Wednesday, 18 May, 2011  02:55:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.  09-CR-30107 |
| v. ) | |
| ) | |
| JEFFREY PRICE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE
NOTICE OF INTENT TO INTRODUCE EVIDENCE
OF OTHER ACTS OF CHILD MOLESTATION**

The United States of America, by and through James A. Lewis, United States Attorney, and Elly M. Peirson, Assistant United States Attorney, hereby replies to the defendant's response to the government's notice of its intent to introduce evidence of defendant's other acts of child molestation under Federal Rule of Evidence 414 and 404(b) as follows:

1.  The defendant argues that the admission of evidence of child molestation to both RP and JP may create a "practical land mine" because it is unclear when the alleged abuse stopped and Rule 414 allows for admission of evidence below the age of fourteen.  With regard to RP, the government anticipates that the evidence will show the defendant touched RP's breasts and genitals during the same time period he produced images of her, specifically before her fourteenth birthday.  Therefore, there is no difficulty meeting the threshold age requirement for Rule 414.  Further, with regard to JP, the government anticipates that the evidence will show that the sexual

molestation and assault occurred primarily prior to JP's fourteenth birthday, beginning when she was five years old.  Nevertheless, the Court may use Rule 404(b) to allow the admission of evidence for the brief period of time after she turned fourteen.

      2.      The defendant argues that the admission of other acts evidence pertaining to JP will extend the length of the trial.  This assertion speculates that additional investigation will lead to evidence favorable to the defendant's case.  The government has advised the Court this case will take no more than 3-4 days.  The government has factored in all of the evidence, including the other acts it seeks to admit, into the scheduling of this matter for trial.  The government does not anticipate that the other acts evidence will overshadow the trial nor will it extend its length substantially.

      3.      The defendant argues, without authority, that the other acts involving JP are stale and should not be admitted.  The Seventh Circuit addressed the issue of staleness in *United States v. Julian*, 427 F.3d 471, 486 (7th Cir. 2005), holding that "the legislative history indicates that Congress intended for the lapse of time between the prior and charged offenses to pose no categorical bar to the admission of the prior assault, but rather that it represent a factor that the jury may consider in assessing the probative force of the prior assault. *See* 137 Cong. Rec. 6034 (section-by-section analysis) ("[t]here is no magic line in time beyond which similar crimes evidence generally ceases to be relevant to the determination of a pending charge"); 140 Cong. Rec. 23603 (statement of Rep. Molinari).  The government notes that the Seventh Circuit directs that this Court calculate the lapse of time between the "prior and charged offenses" as opposed to the prior offense and the time of trial. *United States v. Julian*, 427 F.3d at 486.

In this case, the prior offense ended when JP was fourteen, in 1984. The indictment charges that these offenses started in 2002. Therefore the lapse of time between the two offenses is eighteen years, not 20 or 30 years as the defendant suggests. In *Julian*, the Court of Appeals supported this position by citing to *United States v. Meacham,* 115 F.3d 1488, 1492 (10th Cir. 1997), which held, "[t]he language of Rule 414 does not address the question of staleness. The rule, however, was not developed through the usual Judicial Conference rulemaking process, but by Congress itself. The historical notes to the rules and congressional history indicate there is no time limit beyond which prior sex offenses by a defendant are inadmissible." Further, Courts are encouraged to "liberally" construe Rule 414 "because sexual assault cases, especially cases involving victims who are juveniles, often raise unique questions regarding the credibility of the victims which render a defendant's prior conduct especially probative." *United States v. Julian*, 427 F.3d at 487.

4.      Unlike other types of cases, the Seventh Circuit distinguished sex crimes, favoring the admissibility of prior history of similar conduct. The Court of Appeals reasoned, "[m]ost people do not have a taste for sexually molesting children. As between two suspected molesters, then, only one of whom has a history of such molestation, the history establishes a motive that enables the two suspects to be distinguished. In 1994, Rule 414 was added to the Federal Rules of Evidence to make evidence of prior acts of child molestation expressly admissible, without regard to Rule 404(b)." *United States v. Cunningham* , 103 F.3d 553, 556 (7th Cir. 1996).

5.     Because the defense central to this case involves the lasciviousness of the images, the jury's determination will weigh on whether the defendant used or coerced RP for sexually exploitive purposes. As argued in the government's Notice of Intent to Admit Other Acts of Child Molestation, the defendant's history is necessary to refute his specific defense.

                        Respectfully submitted,

                        JAMES A. LEWIS
                        UNITED STATES ATTORNEY

                        s/Elly M. Peirson
                        Elly M. Peirson, IL Bar No. 6298075
                        Assistant United States Attorney
                        201 S. Vine Street, Suite 226
                        Urbana, Illinois 61802
                        Telephone: (217) 373-5875
                        Fax: (217) 373-5891
                        elly.peirson@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on May 18, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      James Elmore
      Elmore & Reid
      808 South Second Street
      Springfield, Illinois 62704

      s/Elly M. Peirson
      Elly M. Peirson, IL Bar No. 6298075
      Assistant United States Attorney
      201 S. Vine Street, Suite 226
      Urbana, Illinois 61802
      Telephone: (217) 373-5875
      Fax:  (217) 373-5891
      elly.peirson@usdoj.gov