## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  09-CR-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## THE UNITED STATES OF AMERICA'S RESPONSE TO DEFENDANT'S
## PETITION FOR RELEASE ON RECOGNIZANCE

The United States of America, by its attorney, James A. Lewis, United States

Attorney for the Central District of Illinois, and Assistant United States Attorney

Elly M. Peirson, hereby moves this Court to deny the defendant's petition for release on

recognizance.  In support thereof, the government makes the following arguments for

this Court's consideration.

## INTRODUCTION AND BACKGROUND

1.  On October 22, 2009, the defendant was arrested on the federal arrest warrant

and appeared before United States Magistrate Judge Byron G. Cudmore.  The defendant

was advised of the charges alleged in the criminal complaint and knowingly waived his

right to a preliminary hearing.  On October 27, 2010, a detention hearing was held

where counsel for the defendant (then Assistant Public Defender Robert Scherschligt)

filed a written motion requesting that the defendant be released on bond.  A detention

hearing was held wherein United States Magistrate Judge Cudmore heard testimony,

reviewed exhibits and arguments of counsel.  Based on the nature of the charges, the

Court found there was a rebuttable presumption that no condition or combination of

conditions would reasonably assure the safety of the community, if the defendant were

released on bond. *See* 18 U.S.C. § 3142(e)(3). (R.6)  Specifically, the Court made the

following findings:

1. The offense charged is a serious child pornography offense and is characterized as a crime of violence under 18 U.S.C. § 3156(4).

2. There is a rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(3) in favor of detention and that presumption was not rebutted, as to the danger prong.

3. The weight of evidence is this case is strong, and clearly satisfies the probable cause standard.

4. That the pre-trial bond report recommends detention based on both a risk of danger to the community and risk of flight.

5. That while the defendant is presumed innocent, the Court finds for purposes of this detention hearing that the issues raised by the government regarding witness tampering are concerning.  That the defendant possessed software that enabled him to destroy evidence, which in the court's mind is indicative of a consciousness of guilt or wrong doing.

> That the defendant's non-compliance with the Department
> of Children and Family Service's safety plan, while not a
> Court order, was intended to ensure the safety of the victim
> in this case.  The Court is not satisfied that any condition or
> combination of conditions will reasonably assure the safety
> of the community if the defendant is released.
>
> 6.      The Court finds by clear and convincing evidence that the
> defendant poses a risk of danger to the community.

(Detention Order, Oct. 27, 2009)

2.  On November 18, 2009, the Peoria Grand Jury charged the defendant in a three-count Indictment.  Count One of the Indictment charged Production of Child Pornography occurring on or between October 2002, through October 2004, pursuant to Title 18, United States Code, Sections 2251(a) and (e); Count Two of the Indictment charged Possession of Child Pornography on or about September 11, 2009, pursuant to Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2); and Count Three was a forfeiture count. (R.1)

3.  On May 5, 2010, the Springfield Grand Jury charged the defendant with a three-count Superseding Indictment.  Count One charges Production of Child Pornography occurring on or between October 2002, through on or about September 11, 2009, pursuant to Title 18, United States Code, Sections 2251(a) and (e); Count Two charges Possession of Child Pornography on or about September 11, 2009, pursuant to

3

Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2); and Count Three charges

Access with Intent to View Child Pornography on or about September 11, 2009,

pursuant to Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2).  The

Superseding Indictment also contains a  forfeiture count. (R.18)

    4.  On May 6, 2011, the defendant made an oral *pro se* "Motion for Recognizance"

before Senior United States District Court Judge Richard Mills.  Upon review of the

record and after hearing argument, the Court denied the defendant's motion.  (d/e

May 6, 2011)

    5.  On June 7, 2011, the defendant filed a "Petition for Release on Recognizance."

(R.35)  It is unclear from the defendant's pleading whether he is requesting to reopen

the detention hearing pursuant to 18 U.S.C. § 3142(f) or whether he is seeking review of

Judge Cudmore's detention order under 18 U.S.C. § 3145(b).  If the defendant is seeking

to reopen the detention hearing under § 3142(f), the threshold issue for this Court to

decide is whether the defendant has offered new information not known to him at the

time of the detention hearing which would have materially changed the outcome of the

detention hearing.  Because he has not met this threshold requirement, his motion to

reopen the hearing should be denied.  If the defendant is seeking review of the

October 27, 2009, detention order under § 3145(b), there is ample evidence in the record

to support Judge Cudmore's finding that there are no conditions that will reasonably

address the risk the defendant poses to the community, requiring his detention.

## ARGUMENT

**I.     There is a rebuttable presumption in favor of detention for Sexual Exploitation Crimes involving minors.**

A.  Congress has explicitly recognized that child pornography offenses and offenses involving sexual exploitation of children are "crimes of violence."[1]  Because most child sexual abuse and child pornography crimes are considered to be violent crimes, 18 U.S.C. § 3142(e) presumes, subject to rebuttal by the defendant, that there are no conditions or combination of conditions to reasonably assure the safety of individuals or the community generally.  The rebuttable presumption shifts to the defendant the burden of producing evidence that the defendant is not a flight risk and not a danger to the community. *See United States v. Portes*, 786 F.2d 758 (7th Cir. 1985). Even if the defendant presents contrary evidence, the Court should weigh the presumption in favor of pretrial detention as one of the factors to be considered along with those set forth in § 3142(g).  *Id*. at 764 ('[rebuttable presumption] remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in § 3142(g)"). *See also United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985) ("although the presumption against bail is rebuttable,

---

[1]Title 18, United States Code, Section  § 3156(a)(4) states:  the term "crime of violence" means - (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any other offense that is a felony and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) any felony under chapter 109A, 110, or 117.

. . . it continues to weigh in the balance against bail even after the defendant meets his burden of producing some evidence to rebut the presumption.")

B.   The United States requested detention pending trial, and the Court held a detention hearing.  The United States relied not only on the statutory presumption, but also on the evidence, including that:  (1) that the defendant was the parent or guardian of the victims during years that the offenses took place; (2) the defendant groomed the minor extensively ensuring her quiet cooperation and silence for many years; (3) the defendant failed to comply the Department of Children and Family Service's safety plan designed to prevent harassment and retaliation of the victim; (4) the defendant utilized anti-forensic software on his computer to destroy evidence; (5) the government's case is strong, including over 900 images and videos of child pornography in the defendant's dominion and control on the dates charged.

C.   The mandatory minimum sentence for Production of Child Pornography is 15 years.  Under the current Sentencing Guideline Manual (assuming the defendant is a criminal history category one) the total offense level of 43 equates to a sentencing range of life (limited only by the combined statutory maximum of all of the offenses added together, 40 years).  The mandatory minimum sentence, along with the potential sentencing enhancements the defendant faces after conviction, provide defendant with strong motivation to flee. *See United States v. Diaz*, 777 F.2d 1236 (7th Cir. 1985) (court should give weight to fact that persons facing heavy sentences for particular types of offenses are likely to flee).

**II.     The defendant's motion should be denied as there is no new information to support reopening the hearing.**

A.      On June 7, 2011, the defendant filed a "Petition for Release on Recognizance" (R.35)  Unfortunately, the defendant cites to Illinois Combined Statutes not binding on this Court and sections of the United States Code that are inapplicable. Section 3145(b) of Title 18 permits review of a detention order issued by a magistrate judge by the court having original jurisdiction over the offense.  Such review, however, would not necessarily require a rehearing, as requested by the defendant; the district court could simply review the prior record already considered by the magistrate judge and issue *de novo* findings. *See United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991) ("district judge could have read the transcript").

B.      Section 3142(f), on the other hand, permits a detention hearing to be reopened "if the judicial officer finds that information exists that was not known <u>to the</u> <u>movant</u> at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure . . . the safety of any other person and the community." (emphasis added)  Typically, this hearing should be reopened before the judicial officer who initially entered the order of detention. *See United States v. Hudson*, 2004 WL 2032119 (N.D. Ill. 2004).

C.      In the instant case, the defendant has not raised any new information not known to the movant at the time of the offense that would have a material bearing on the issue of release.

7

1.      First, the defendant argues that the court's order for detention is a violation of his "fifth, sixth and eight amendment rights under the constitution." That he has been denied access to counsel and has been subjected to "cruel and unusual punishment." The defendant fails to articulate with any specificity how or in what way his rights have been violated. This Court should not have to speculate and should therefore be unpersuaded by this argument.

2.      Next, the defendant argued that he has "no prior history" related to the offenses charged. This information was known to the defendant at the time of the detention hearing and presented to Judge Cudmore by his attorney, Robert Scherschligt, during the hearing. *See also United States v. Bastian*, 2008 WL 4762768, *3 (N.D. Iowa 2008) (unpublished) (despite a lack of criminal convictions for sexually-related offenses, the court denied pretrial release to defendant charged with production of child pornography and receipt of child pornography.)

2.      Next, the defendant says that he is "disabled and needs the aid of his spouse." The defendant's health was clearly known to him at the detention hearing and is not new information entitling him to reopen the detention hearing. Further, the United States Marshals Service entrusted with his care while in their custody has taken steps to ensure he is afforded adequate medical treatment, including moving him to a facility that can best address his medical needs. The defendant has made no showing that the United States Marshals Service has not addressed his medical needs, nor has he

articulated any specific medical condition not addressed by the United States Marshals Service.

       3.      Finally, the defendant asserts that he has not been able to adequately communicate with his attorney.  The government notes that the defendant has also filed a lengthy letter to this Court addressing his communication issues with his current attorney, James Elmore, and requesting the appointment of new counsel, preferably from "Los Angeles." (R.34)  The defendant's argument is unpersuasive and does not entitle him to reopen his detention hearing under Section 3142(f).

## III.    The record supports by clear and convincing evidence that the there are no conditions that will address the risk of danger and flight the defendant poses if released.

       There being no information unknown to the defendant at the time of the detention hearing, the defendant must be requesting this Court to review the magistrate judge's order pursuant to Section 3145(b).  In this posture, the United States asserts that the record supports the magistrate judge's order by clear and convincing evidence, especially in light of the statutory presumption that no condition or combination of conditions will reasonably assure the safety of the community.  The evidence shows the defendant sexually exploited a minor when she was between the age of nine and twelve.   The defendant manipulated the minor through years of grooming ensuring her silence.  Additionally, the defendant possessed over 900 images and videos of other child pornography on his computer media.

## CONCLUSION

Based on the foregoing reasons, the United States of America respectfully requests that this Court deny the defendant's motion to be released on conditions of bond.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/Elly M. Peirson
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing

to the following:

        James Elmore
        Elmore & Reid
        808 South Second Street
        Springfield, IL 62704

        s/Elly M. Peirson
        Elly M. Peirson, IL Bar No. 6298075
        Assistant United States Attorney
        201 S. Vine Street, Suite 226
        Urbana, Illinois 61802
        Telephone: (217) 373-5875
        elly.peirson@usdoj.gov

11