## UNITED STATES DISTRICT COURT FOR THE
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.      09-CR-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION AND MEMORANDUM
## TO RECONSIDER THE ADMISSION OF
## OTHER ACTS OF CHILD MOLESTATION

The United States of America by its attorneys, James A. Lewis, United States

Attorney for the Central District of Illinois, Assistant United States Attorney Elly M.

Peirson, and Assistant Deputy Chief Alexandra R. Gelber, moves this Court to

reconsider its order denying the admissibility of other acts of child molestation.

## INTRODUCTION AND BACKGROUND

On July 11, 2011[1], this Court ordered that the United States would be prohibited

from introducing other acts evidence regarding JP.  The order also precluded the

government from introducing acts involving RP, stating that the United States did not

provide proper notice.  Based on the written ruling this Court found:

(1)     Fed.R.Evid 414 was inapplicable to this case because Defendant Price is

not charged with an act of child molestation;

(2)     The government failed to provide proper and adequate notice regarding

---

[1]Written ruling issued July 12, 2011. (R.37)

evidence of other acts involving RP.

With this motion, the United States requests that the Court reconsider its decision because:

> (1)     Both the plain reading of Fed.R.Evid. 414 and prevailing case law hold that Defendant Price <u>is</u> charged with an act of child molestation;

> (2)     Notice was not required with respect to the evidence pertaining to RP, and in any event, the government provided adequate notice of its intent to introduce this evidence.

The government renews its request to introduce other acts of child molestation involving both RP and JP.  The other acts involving RP should be admitted because they constitute direct evidence of the crimes charged in the indictment.  Further, the other acts involving RP may also be admitted under Rule 414 and 404(b), as evidence of the defendant's intent and motive.  The other acts involving JP should be admitted under Rule 414 as argued in detail in the government's initial notice and summarized below.

This motion is timely because: (a) this case is still pending before this Court, which has original jurisdiction, (b) the status of the case has not changed since this Court's ruling, and (c) the Federal Rules of Criminal Procedure impose no deadline for filing a motion to reconsider a court order while the matter is still pending in the same status before the district court.

**<u>THE GOVERNMENT'S EVIDENCE</u>**

This Court recited in detail the factual basis for the charges in the indictment as

2

well as the other acts of child molestation based on a review of the government's notice.

In the interest of judicial economy, the government incorporates its original Notice of

Intent to Admit Other Acts of Child Molestation herein.  (R. 26)

      A.    <u>In brief summary, the other acts of child molestation relative to RP are</u>

<u>that the defendant:</u>

(1)    Inserted his fingers into RP's vagina while teaching her how to use a

tampon;

(2)    Inserted yeast infection medication into her vagina;

(3)    Taught RP how to conduct a breast self examination by making circular

motions on her breasts with his hands;

(4)    Told RP that she was sexy and had a nice body, that he wanted to show

her how to masturbate and wanted to buy her sex toys to help her accomplish

the masturbation;

(5)    Asked RP if she would scream and make a big deal about it if he came into

her room in the middle of the night and tried to have sex with her;

(6)    Offered to have sex with RP and told her he could teach her some things,

offered to perform oral sex on RP and told her if she wanted to try, she could

perform oral sex on him;

(7)    Was mad when he learned that RP lost her virginity and he told her he

was jealous, because he wished she lost her virginity with him.

In addition, 11 photographs of RP, taken when she was approximately five years

old dressed in lingerie were recovered in the basement living area of Defendant Price's home. Defendant Price and his wife primarily used the basement living area both as their bedroom and office/computer area. The images taken, while not pornographic are nevertheless erotic and inappropriate given her age at the time. Law enforcement officers also recovered a small box beneath Defendant Price's bed containing lingerie and sex toys. This evidence collectively establishes Defendant Price's sexual interest in RP.

       B.    <u>The other acts of child molestation relative to JP are that the defendant:</u>

(1)    Engaged in oral sexual intercourse with JP on multiple occasions from the time she was 8 until she was 14;

(2)    "Took" JP's virginity;

(3)    Was writing a "steamy sex novel" and used JP as the main character in the book;

(4)    Directed her to pose while he took sexually explicit photographs of her and refused to give JP the sexually explicit images after he explained how images of child pornography are traded on the internet.

## ARGUMENT

**I.    This Court incorrectly determined that Defendant Price is not charged with an act of child molestation.**

In its order, the Court ruled that "Because Price is not charged with child molestation, evidence of prior molestations is inadmissible under Rule 414." R. 37 at 15.

This ruling is contrary to the plain language of the rule and the prevailing case law from the Seventh Circuit and other courts of appeals.

Defendant Price is charged with an "offense of child molestation" within the meaning of Federal Rule of Evidence 414.  Pursuant to the Superseding Indictment, Defendant Price is charged with producing and attempting to produce child pornography, in violation of Title 18, United States Code, Section 2251, and possessing and accessing with intent to view child pornography, in violation of Title 18, United States Code, Section 2252A.  All of the charges in the Superceding Indictment are contained at Chapter 110 of Title 18 of the United States Code.  Rule 414 defines an "offense of child molestation" in relevant part as "any conduct proscribed by chapter 110 of title 18, United States Code."  Rule 414 (d)(2).  As all of the charges contained in the Superseding Indictment are acts proscribed by chapter 110 of title 18 of the United States Code, they are, therefore, by definition, offenses of child molestation under Rule 414.[2]

Indeed, courts in this circuit and throughout the country have held that offenses involving the sexual exploitation of minors and child pornography are acts of child molestation meeting the threshold requirement for Rule 414.  For example, in *United States v. Angle*  234 F.3d 326 (7th Cir. 2000), the defendant was convicted of attempted

---

[2] RP, the minor that is the subject of Count One of the Superseding Indictment (Production of Child Pornography) was between the age of 9 and 12 when Defendant Price is alleged to have produced pornography images of her.  Therefore, RP clearly meets the definition of "child" within the meaning of Rule 414.  Fed.R.Evid. 414(d).

receipt of child pornography, possession of child pornography, and attempted solicitation of a minor.  On plain error review, the court upheld the admissibility of evidence of convictions from 1977 (for sodomy of a fifteen year old) and 1987 (for child molestation) under Rules 403, 404, 413, and 414.  *Id.* at 341 -342.

This accords with the result in numerous other circuits.  For example, in *United States v. Summage,* 575 F.3d 864 (8th Cir. 2009), the defendant was convicted of two counts of production of child pornography and one count of possession of child pornography.  On appeal, the Eighth Circuit noted that "under Rule 414(d)(2), the crime of child molestation includes "any conduct proscribed by" 18 U.S.C. §§ 2251 to 2260A, which includes production and possession of child pornography."  *Id.* at 878.  The court, therefore, upheld the admission of testimony by a witness that the defendant molested her when she was a child because the evidence was '"highly probative" and showed that the defendant "had a sexual interest in children and had previously created visual images of children engaged in sexual activity." *Id.* at 879.  Similarly, in *United States v. Davis*, 624 F.3d 508, 511 (2nd Cir. 2010), the defendant was convicted of possession, attempted distribution and production of child pornography.  The Court upheld the admission of a conviction from 19 years prior of a sodomy offense involving a child below the age of 14 , pursuant Rule 414, to prove the defendant's "propensity and proclivity," to commit the charged conduct.  *Id*. at 511.  The Second Circuit found that this evidence was not unduly prejudicial.  *Id.  See also*, *United States v. Cooper,* 2011 WL 2749588, 1 (11th Cir. July 13, 2011) (unpublished) (in receipt of child pornography case,

affirming the admissibility of the defendant's prior convictions for three counts of child molestation under Rule 414 and alternatively under Rule 404(b)); *United States v. Moore,* 2011 WL 1834433 (5th Cir. 2011) (unpublished) (in receipt and possession case, affirming the admissibility of evidence under Rule 414 that defendant touched the "clothed buttocks" of his step daughter when she was twelve to show the defendant's "sexual interest in children"); *United States v. Merz,* 396 Fed.Appx. 838, 842, 2010 WL 3965856, 4 (3rd Cir. 2010) (unpublished) (in advertising, possession, receipt, and transportation case, the Court found that "the charged offenses were proscribed by 'chapter 110 of title 18, United States Code' qualifying this as 'a criminal case in which the defendant is accused of an offense of child molestation' under Rule 414); *United States v. Miller,* 2011 WL 166717, 1 (S.D.Ill. 2011) (same); *United States v. Loughry,* 2010 WL 1521305, 1 (S.D.Ind. 2010) (same).  Indeed, the United States could not find a single case holding that child pornography offenses in general, and the offense of production of child pornography in particular, were not acts of child molestation as defined in Rule 414.

　　*United States v. Hawpetoss*, 478 F.3d 820 (7th Cir. 2007) and *United States v. Julian*, 427 F.3d 471 (7th Cir. 2005) are not to the contrary.  To be sure, neither of those cases involved charges under Chapter 110 pertaining to child pornography.  In *Hawpetoss*, the defendant was charged with having engaged in criminal sexual acts on an Indian reservation, and in *Julian*, the defendant was charged with travel in foreign commerce with intent to engage in illicit sexual conduct with children.  Thus, *Hawpetoss* and *Julian* do not address the predicate question, resolved in the affirmative by *Angle*, *Summage*,

*Davis*, and the other cases, of the application of Rule 414 to child pornography cases. However, *Hawpetoss* and *Julian* are instructive on the secondary question: if Rule 414 applies (as it does in this case), what types of evidence  might be admitted under that rule and for what purpose.  Specifically, *Hawpetoss* and *Julian* both underscore that evidence admitted pursuant to Rule 414 can be offered to establish the defendant's propensity to commit the charged conduct.  *Hawpetoss*, 478 F.3d at 824, n.7; *Julian*, 478 F.3d at 824.

As noted in the government's original motion, the Seventh Circuit favors the admissibility of evidence that the defendant has a prior history of similar conduct specifically in cases involving sex crimes.  The Court of Appeals has reasoned, "[m]ost people do not have a taste for sexually molesting children. As between two suspected molesters, then, only one of whom has a history of such molestation, the history establishes a motive that enables the two suspects to be distinguished.  In 1994, Rule 414 was added to the Federal Rules of Evidence to make evidence of prior acts of child molestation expressly admissible, without regard to Rule 404(b)." *United States v. Cunningham* , 103 F.3d 553, 556 (7th Cir. 1996).

Following this analysis, this Court should admit the other acts of child molestation that occurred with JP under Rule 414.  First, Defendant Price used a strikingly similar *modus operandi* with both RP and JP by cloaking his criminal conduct with artistic justification.  The defendant used and coerced JP by telling her that he was writing a "steamy sex novel" and he used and coerced RP by telling her that he was

taking "art" pictures for her modeling portfolio.  His success in manipulating JP for his

own sexual gratification is directly relevant to his sexual interest in manipulating RP in

a similar manner for the same purpose.  Therefore, the defendant's established pattern

of targeting young, vulnerable members of his household (JP from the age of five

through fourteen) for sexual purposes, establishes his motive and intent in producing

visual depictions of RP and possessing other images of child pornography.  This

evidence of the defendant's pattern of behavior will be particularly relevant since

Defendant Price's defense might be that the images of RP do not constitute child

pornography.  *See Burt,* 495 F.3d at 741 (upholding the admissibility of a child's

testimony that the defendant molested him as evidence to prove that the photos, while

not depicting  molestation, were nevertheless a lascivious exhibition of the child's

genitals).

Further, Defendant Price's defense will likely involve an attempt to discredit

RP's testimony by challenging her credibility.  As the court emphasized in *Burt* and

*United States v. McGuire*, 627 F.3d 622, 627, 2010 WL 4908001, 5 (7th Cir.2010)

(unpublished) (admitting evidence of molestation under 404(b), 414 and 413) the

defendant's attack on the victim's credibility opens the door to the admissibility of other

acts that corroborate her statements.   The Seventh Circuit upheld the admissibility of

testimony by four other victims of childhood sexual abuse by a defendant to combat the

nature of the defense, specifically that the victim named in the indictment was lying. *Id.*

The court held that the probative value of testimony of adult witnesses concerning their

childhood sexual assault by defendant, including their testimony about the shame and
fear that dissuaded them from telling their parents or others about what he had done to
them, was not outweighed by danger of undue prejudice. *Id.*

Finally, the jury should consider Defendant Price's abuse of JP when determining
whether the defendant used RP for the purpose of producing a visual depiction
showing a "lascivious exhibition" of her genitals. If the images of RP were intended to
elicit a sexual response in the viewer, including individuals who are sexually attracted
to children, the jury may consider this fact in determining whether the image is
lascivious. *See United States v. Burt*, 495F.3d 733, 741 (7th Cir. 2007) (held that one of the
factors the jury could use in determining whether the images was a lascivious
exhibition of the child's genitals was "whether the picture or images [are] designed to
elicit a sexual response in the viewer.") *See also United States v. Kemmerling*, 285 F.3d
644, 646 (8th Cir. 2002); *United States v. Amirault*, 173 F.3d 28 (1st Cir. 1999); *United States
v. Dost*, 636 F.Supp. 828, 832 (S.D.Cal. 1986), *aff'd sub nom. United States v. Weigand*, 812
F.2d 1239 (9th Cir. 1987). *United States v. Knox*, 32 F.3d 733 (3rd Cir. 1994); *United States
v. Horn*, 187 F.3d 781 (8th Cir. 1999); *United States v. Moore*, (7th Cir. 2000); *United States
v. Noel*, (7th Cir. 2009).

Since Defendant Price *is* charged with an act of child molestation, Rule 414
applies to this case. Therefore, for the reasons stated above, the United States renews its
request for a ruling *in limine* that the acts involving JP be admitted. The government
incorporates its prior pleadings detailing the legal framework and argument for

10

admissibility under Rule 414 as fully set forth herein.  In the alternative, the United

States requests the court follow the procedure adopted in *Hawpetoss*, in which the

district court issued a preliminary ruling on the admissibility of the evidence in advance

of trial, but reserved its final ruling on the admissibility of the evidence until after the

trial was underway "so that it could appraise the admission of the evidence in light of

the evidence actually presented at trial."  478 F.3d at 822-23.[3]

## II.     The government was not required to provide notice of intent to admit acts of child molestations relative to RP, but it did so in any event.

In this case, Defendant's Price's method of coercion and control over RP was by

(1) disguising sexual molestation with other non-sexual acts -such as using a tampon,

administering medication or detecting breast cancer, and (2) making inappropriate

sexual comments and compliments to RP.  These statements and acts occurred at or

near the time frame when the Defendant took the pictures of RP that are at issue in this

case.  The result of Defendant Price's strategy of normalizing his inappropriate behavior

thereby ensured RP's silence.

The evidence of Defendant Price's statements and acts with respect to RP are

admissible because they are direct evidence of the crimes charged in the indictment;

---

[3]This approach would be particularly appropriate with respect to the evidence of the acts involving JP.  That evidence would only be offered by the United States if Defendant Price presents a defense through opening statement, cross examination or otherwise that he did not produce images of RP for a lascivious purpose or that he has no sexual interest in children.  The government could not find a single case that denied the admissibility of evidence under Rule 414, when the nature of the defense necessitated such rebuttal evidence.

they reveal how the method used by the defendant to commit the crime. For that

reason, the government carried no obligation to provide notice of intent to offer that

evidence, either pursuant to Rule 404(b) or 414. Defendant Price's statements and acts

to RP directly establish how he used or coerced RP to produce sexually explicit pictures

and that he retained and later accessed those pictures secreted in an unknown location.

As such, this evidence is directly relevant to the jury determination of whether

Defendant Price is guilty of the charged crimes.

Even if, however, this evidence were admissible not as direct evidence of the

crime, but as other evidence admissible pursuant to Rules 404(b) and 414, Defendant

Price's attorney has received notice of all of these acts and evidence through discovery.

However, in light of the Court's July 11, 2011 ruling, the United States seeks a ruling *in

limine* on the admissibility of this evidence.

In its order, the Court stated that the United States "has not given notice that it

intends to introduce evidence that Price molested RP . . . [S]ince no notice has been

given concerning RP, the Court does not address this issue." R. 37 at 12, n.1. To the

contrary, and although not required, the government has provided notice of it intent to

offer this evidence. Specifically, the United States has provided in discovery all of the

witness statements and reports that detail Defendant Price's conduct and statements

with RP; indeed Defendant Price has had access to this evidence since October 2009. In

addition, the government's pleading, as noted in the Court's July 11, 2011 order, details

the factual basis for the charges in the superseding indictment, including all acts and

statements made, particularly the sexual misconduct related to RP.

Under the notice provision of Fed.R.Evid. Rule 404(b), the government's notice, both through its pleading and through discovery, are timely and adequate. The Seventh Circuit recognized that the Advisory Committee Notes that accompany the 1991 amendment to Rule 404(b) state that "notice 'is intended to reduce surprise and promote early resolution on the issue of admissibility,' and that 'no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case.'" *United States v. Blount*, 502 F.3d 674, 677 (7th Cir. 2007). The government's pleading was filed over 30 days in advance of trial; therefore, the timeliness of the notice is certainly adequate.

Further, Rule 404(b) does not specify the form of notice necessary to satisfy the notice requirement. According to the committee notes, "the committee considered and rejected a requirement that the notice satisfy the particularity requirements normally required of language used in a charging document." Fed.R.Evid. 404(b) advisory committee's note (1991); *Blount*, 502 F.3d at 678 (notice needn't take any particular form); *See also United States v. Gorman*, 312 F.3d 1159, 1163 (10th Cir. 2002) (verbal notice sufficient). In rejecting the particularity requirement of the notice provision, the committee "opted for a generalized notice provision which requires the prosecution to apprise the defense of the general nature of the evidence of extrinsic acts." Fed.R.Evid. 404(b) advisory committee's note (1991). The government has certainly provided adequate notice by apprising Defendant Price of the nature of the evidence related to RP, both through detailed reports and witness statements and through the

13

government's pleading.  Defendant Price cannot claim that he was surprised by the government's intent to admit evidence that the defendant made sexual comments and touched RP in a sexual manner.

### Conclusion

Therefore, the United States respectfully requests that this Court reconsider its July 11, 2011 ruling denying the admissibility of other acts regarding JP and finding that the government had not provided adequate notice of intent to admit acts involving RP. The government welcomes the opportunity to present oral argument, should the Court require further clarification.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/Elly M. Peirson
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 S. Vine Street, Suite 226
Urbana, Illinois 61802
Telephone:  (217) 373-5875
Fax:  (217) 373-5891
elly.peirson@usdoj.gov

s/Alexandra R. Gelber
Alexandra R. Gelber, DC Bar No. 473773
Assistant Deputy Chief
U.S. Dept. of Justice, Criminal Division
Child Exploitation and Obscenity Section
1400 New York Avenue, NW, Suite 600
Washington, DC 20530
Telephone: (202) 307-1316
Fax: (202) 514-1793
alexandra.gelber@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/Elly M. Peirson
Elly M. Peirson, IL Bar No. 6298075
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
Telephone: (217) 373-5875
elly.peirson@usdoj.gov