IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 09-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers the Government's Motion and Memorandum to Reconsider the Admission of Other Acts of Child Molestation.  See d/e 42 ("Motion for Reconsideration").  For the reasons stated below, the Motion for Reconsideration will be GRANTED IN PART AND DENIED IN PART.

FACTS

On April 15, 2011, the United States Government filed a Notice of Intent to Use Prior Molestation Evidence.  See d/e 26 ("Notice").  The

1

Notice alleged that Price molested his sister JP when Price and JP were children. The molestation occurred over a several year period. It began when JP was 5-years old and Price was 10-years old. See Notice at 7. The molestation continued until JP turned 14-years old. Id. at 8. Accordingly, Price would have been 19-years old when he stopped molesting JP.

This Court denied admissibility under Rule 414 reasoning that, because Price was not charged with a molestation offense, Rule 414 was inapplicable. See Opinion dated July 12, 2011 (d/e 37) at 15 ("Opinion"). This Court also observed that the Government had not filed a notice of intent to use evidence related to Price's molestation of his daughter RP. However, this Court did not address the admissibility of such evidence since the parties did not argue the matter. See Opinion at 12, n.1.

On August 8, 2011, the Government filed its Motion for Reconsideration of the Court's: (1) decision to exclude evidence of JP's molestation under Rule 414; and (2) suggestion that the Government

may need to file a notice of intent if it wished to use evidence related to RP's molestation.

ANALYSIS

The Government's Motion for Reconsideration explains that pornography offenses are crimes of molestation and, as such, molestation evidence is admissible under Rule 414 when a pornography offense has been charged. The Motion for Reconsideration correctly states that Rule 414(d)(2) defines "an offense of child molestation" as "any conduct proscribed by chapter 110 of Title 18, United States Code". See Motion for Reconsideration at 5 (quoting Rule 414(d)(2)). Since Price is charged with child pornography crimes under 18 U.S.C. §§ 2251 and 2252A, and those offenses are proscribed by Chapter 110 of Title 18 of the United States Code, those offenses are by definition an "offense of child molestation". As such, Price's molestation of JP may be admissible under Rule 414(a) since evidence of child molestation is admissible under Rule 414(a) to the extent it is relevant.

While Rule 414(a) certainly allows molestation evidence to be

3

admitted in cases where child pornography charges have been filed, the Government has not shown that molestation evidence is properly admitted here. Evidence of molestation is properly admitted under Rule 414 only if the evidence is not subject to exclusion by Rule 403. See United States v. Hawpetoss, 478 F.3d 820, 824-25 (7th Cir. 2007). Rule 403 bars the admission of relevant evidence if the evidence's probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or delay, waste of time, or needless presentation of cumulative evidence." Id.

The Seventh Circuit allows great flexibility in deciding whether to admit Rule 414 molestation evidence. See Hawpetoss, 478 F.3d at 825. The Seventh Circuit has not adopted a specific test for deciding whether 403 considerations require 414 evidence to be excluded. However, in Hawpetoss, the Seventh Cicuit approvingly cited the multi-factor test used in United States v. LeMay, 260 F.3d 1018, 1028 (9th Cir. 2001). See Hawpetoss, 478 F.3d at 825.[1]

---

[1] In addition to citing Hawpetoss, the Government cites United States v. Angle, 234 F.3d 326 (7th Cir. 2000). In doing so, the Government states that the

4

Pursuant to that test, district courts may consider: "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial." LeMay at 1028 (internal quotation marks omitted); see also Johnson v. Elk Lake Sch. Dist., 283 F.3d 138, 156 (3rd Cir. 2002) (applying a test similar to the one used in the LeMay decision).[2] Since it is permissible to consider

---

Angle decision upheld a district court's decision to use Rule 413 and 414 to admit a defendant's child molestation convictions—one from 1977 and one from 1987. In fact, during its appeal, the prosecution conceded that the 1977 conviction was improperly admitted under Rule 414 because the victim was over 14 years old at the time of the offense and Rule 414(d) defines "child" as a person "below the age of 14". See Angle, 234 F.3d at 342 (quoting Rule 414(d)). Accepting that Rule 414 barred the admission of the 1977 conviction, the prosecution argued that the 1977 conviction was admissible under Rule 413 and the 1987 conviction was admissible under Rule 414. See Angle 234 F.3d at 342. Because the defendant never objected to the admission of either conviction during trial, the Seventh Circuit applied the unexacting plain error standard of review and held that admission of the convictions did not substantially affect "the fairness, integrity or public reputation of the judicial proceedings." Id. (citation omitted). Given the circumstances of the Appellate Court's holding, the Angle decision's limited discussion of Rule 414 is not instructive for the issue at bar.

   [2] This test differs from the four-factor test the Seventh Circuit uses to determine whether Rule 403 considerations should exclude Rule 404(b) evidence. Under that test, a court must consider whether: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close

5

the LeMay factors, and those factors provide a useful framework for determining the admissibility of molestation evidence, this Court will apply them.

This Court finds a strong similarity between Price's prior acts and the charged offenses. Price allegedly had sex with his younger sister JP, made pornographic photographs of her, and explained to her that the intercourse was necessary for him to be able to credibly write a steamy novel. As for the charged offense involving RP, Price allegedly penetrated RP's vagina with his finger, made pornographic photos of her, and told her the pictures were to be used in a portfolio Price was creating to advance RP's modeling career. Since Price allegedly abused JP and RP, created pornographic photos of them, and justified his misconduct in terms of artistic merit, there is significant similarity between Price's prior acts involving JP and the charged offenses pertaining to RP. The

---

enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. See United States v. Sebolt, 460 F.3d 910, 916 (7th Cir. 2006) (quoting United States v. Price, 418 F.3d 771, 783-84 (7th Cir. 2005)). While the four-factor test largely overlaps with the LeMay test, the LeMay court's six-factor test is more expansive and specifically addresses Rule 414 molestation evidence.

similarities indicate that Price has a long-established *modus operandi* for preying on young female relatives, memorializing the victims in photos, and proffering art as a justification for the victims' abuse.

Unlike the defendant in LeMay, however, Price was not convicted of the offenses which formed the prior acts.  See LeMay, 260 F.3d at 1029.  Though the LeMay court stated that a conviction was not a prerequisite for admissibility of prior acts evidence, the court also stated that "the extent to which an act has been proved is a factor that the district courts may consider in conducting the Rule 403 inquiry."  See LeMay, 260 F.3d at 1029.  The proof here consists of JP's purported confrontation of Price years after the alleged abuse, statements JP made to others many years after Price allegedly abused her, Price's admission to Renee Hale about his molestation of JP, Price's lack of denial when Price's ex-wife and father raised the issue of Price's alleged abuse of JP, and Price's statement to his ex-wife that all of his siblings "did stuff" when they were children.  Such evidence does not prove that Price molested JP, but the evidence is reliable and extensive enough to admit

7

an uncharged offense under Rule 403. See LeMay, 260 F.3d at 1029.

To differing degrees, the remaining factors of the LeMay court's test all weigh against admissibility under Rule 403. To begin with, the temporal gap between the abuse of JP and RP is large. Eighteen years passed between the time Price abused JP and the time he abused RP. The Government offers no case where molestation evidence was admitted despite so lengthy a temporal gap. The lengthiest temporal gap identified by the Government is in United States v. Wimberly, 60 F.3d 281, 285 (7th Cir. 1995), a case the Government relied on in its Notice. In Wimberly, the Seventh Circuit found that molestation evidence that was 13-years old at the time of a defendant's trial was properly admitted into evidence. By comparison, Price's prior act—his molestation of JP 18-years ago—is almost one and a half times longer than the 13-year old conviction at issue in Wimberly. This significant distinction weighs against admissibility.

The "frequency of events" factor similarly weighs against admissibility. In LeMay, the defendant had sexually abused minors on

two earlier occasions.  In 1989, the defendant abused two children.  Sometime before that, the defendant abused an unspecified number of victims.  While the sexual abuse of children even on one occasion is abhorrent, Price's sole victim prior to RP is JP.  Therefore, the "frequency of events" factor does not support admitting evidence of Price's molestation of JP.  See LeMay, 260 F.3d at 1029.

Additionally, an "intervening circumstance" supports excluding evidence related to the molestation of JP.  Like the defendant in LeMay, Price was a child when he first molested JP.  See LeMay, 260 F.3d at 1030.  Price began sexually abusing JP when he was approximately 10-years old and continued to abuse her until he was 19-years old.  As the LeMay court recognized, if an offender is young at the time the prior acts occurred, that weighs against admissibility.  Id.  While Price was 19-years old when the molestation ceased, he was a minor for the great balance of the molestation.  Therefore, this factor slightly weighs against admissibility.  Id.

Finally, as for the last factor in the LeMay test, the evidence of JP's

molestation is unnecessary to prove the case against Price.  Whereas the prosecution's case in LeMay rested solely on the child victims whose testimony could be easily assailed, the Government can offer the testimony of RP—who will be an 18-year old adult once Price's trial begins in November 2011.  Furthermore, unlike the prosecution in LeMay, which had no scientific, forensic, medical, psychological, or eyewitness evidence to corroborate a victim's testimony, the case against Price is replete with pornographic pictures and videos that the Government can use.  The Government has 937 pictures and 21 movies recovered from Price's computer.  Accordingly, the prior acts evidence related to JP is not practically necessary for a conviction.  Id.

Even though evidence related to Price's molestation of JP is admissible under Rule 414, application of the LeMay factors supports the evidence's exclusion pursuant to Rule 403.  Even had the LeMay factors supported admissibility, principles of judicial economy would have caused evidence related to JP to be excluded under Rule 403.  Rule 403 requires courts to consider whether undue delay will result from a party's

proffering of evidence.  Id.  To establish that Price molested JP, the Government would likely call no fewer than four witnesses—Price's ex-wife, Price's father, Renee Hale, and JP.  Each witness would testify on direct examination, be cross-examined, and subject to rebuttal testimony.  Unlike the case of United States v. Julian, 427 F.3d 471, 489 (7th Cir. 2005), where the Court found that Rule 403 considerations did not bar the prosecution from presenting record evidence and officer testimony concerning a defendant's *conviction* for sexual assault proffered under Rule 413, the time required to present evidence of Price's alleged molestation of JP will be far longer since it is not limited to a record of prior conviction and an investigating officer's testimony.  Therefore, evidence related to Price's molestation of JP are barred under Rule 403.

The Government also argues that it does not need to provide a notice of intent with respect to Price's molestation of RP, and, in any event, notice was provided via the discovery materials and motions which referenced RP's molestation.  The Court considers the Government's assertions in reverse order.

Providing discovery and referencing evidence is not the same as providing notice of intent to use evidence at trial. A notice of intent gives a defendant fair warning that the prosecution wishes to use specific evidence at trial. Rule 414(b) requires that, absent good cause, "the attorney for the Government shall disclose evidence to the defendant . . . at least fifteen days before the scheduled date of trial . . . ." Id. Because Rule 414(b) merely requires the Government to disclose evidence, and does not contain a notice of intent provision, the Government's satisfaction of its discovery duties necessarily satisfies Rule 414(b).

The Government further asserts that Rule 404(b) does not contain a time frame for disclosure. See Motion for Reconsideration at 13. Review of Rule 404(b)'s language does not support that assertion. Rule 404(b) states that criminal prosecutors "shall provide reasonable notice in advance of trial" unless good cause is shown for excusing pretrial notice. Id.

The Government argues that it satisfied Rule 404(b)'s notice requirement by providing discovery materials and filing "Government's

Notice of Intent to Use Other Acts of Child Molestation" (d/e 26) on April 15, 2011. See Motion for Reconsideration at 13. Review of that Notice shows that the other acts of molestation at issue in that pleading related to JP, not RP. The pleading, therefore, never stated the Government's intent to use evidence of RP's molestation at trial.

Moreover, even if that pleading contained such a statement, the Court would not accept it in lieu of a formal notice of intent. The Government, as evinced by the "Government's Notice of Intent to Use Other Acts of Child Molestation", appears to have a practice of providing a formal notice of intent when a rule requires such a notice be filed. Such a practice is salutary, giving a defendant definite warning of the prosecution's position via the title of the prosecution's pleading. If the prosecution were to change that practice, and be allowed to insert an informal notice in any one of a case's numerous filings, the defense could be subject to unfair surprise at trial.

Similarly, the Government would not be allowed to provide discovery materials about molestation evidence as a means of satisfying

notice of intent requirements.  Discovery obligations are independent of Rule 404(b)'s notice requirements.  If meeting one's discovery obligations satisfied the notice requirements of Rule 404(b), Congress would not have included a specific notice provision in the Rule.  Therefore, the Government must provide formal notice for any evidence it seeks to admit under Rule 404(b).

Regardless, the Government's lack of a formal Rule 404(b) notice of intent concerning molestation evidence related to RP is of no moment here.  Because Price is charged with child pornography under 18 U.S.C. § 2251, and such an offense is by definition an "offense of child molestation" pursuant to chapter 110 of title 18, United States Code, Price's molestation of RP is direct evidence of the charged offense.  No rule of evidence requires the prosecution to give notice of intent to use direct evidence of the offense.

## CONCLUSION

THEREFORE, the Government's Motion and Memorandum to Reconsider the Admission of Other Acts of Child Molestation (d/e 42) is

GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it asks the Court to find that Rule 414 allows the prosecution to seek the admittance of molestation evidence in cases where a defendant has been charged with a child pornography crime. The Motion is DENIED insofar as it asks this Court to allow the prosecution to introduce evidence that Defendant molested JP. The Motion is further DENIED insofar as it asks this Court to find that the prosecution need not give a formal "notice of intent" for evidence offered under Rule 404(b). However, because the Government will be using evidence related to RP's molestation as direct evidence of Price's crimes against RP, not as evidence offered under Rule 404(b), formal notice of that evidence is not required here.

IT IS SO ORDERED.

ENTERED: September 1, 2011

FOR THE COURT BY:  s/ Sue E. Myerscough
 SUE E. MYERSCOUGH
 UNITED STATES DISTRICT JUDGE