UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-CR-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant Jeffrey Price's Omnibus Motion (d/e 44), which includes a Motion to Set Appropriate Bond, Motion for a Bill of Particulars, Motion to Dismiss, and Motion for the Severance of Charges.  For the reasons that follow, Defendant's Omnibus Motion is DENIED in its entirety.

## MOTION TO SET APPROPRIATE BOND

Section One of Defendant's Omnibus Motion is a Motion to Set Appropriate Bond.  Defendant argues that the Detention Order (d/e 6)

1

finding that Defendant was not a flight risk but posed a significant risk to the community was in error.  Defendant requests that this Court place Defendant on a recognizance bond subject to conditions as determined appropriate by the Court.

Defendant has moved for release from custody on bond on three prior occasions.  This Court denied each of those motions.  Defendant's initial Motion for Bond (d/e 4) was heard before United States Magistrate Judge Byron G. Cudmore on October 27, 2009 and denied.  <u>See</u> <u>Order of Detention</u> (d/e 6).  At the hearing, Judge Cudmore heard testimony, reviewed the Government's exhibits, and found there was clear and convincing evidence that Defendant posed a danger to others if released on bond.  Defendant made a second Motion for Recognizance at a Final Pretrial Conference held on May 4, 2011.  This Court found that there was no good cause to disturb Judge Cudmore's previous Order of Detention and denied the Motion on May 6, 2011.  Defendant filed a third Motion for Release on Recognizance (d/e 35) on July 7, 2011, which this Court heard and denied on July 11, 2011.

In the present Motion, Defendant requests that he be released on his own recognizance and be required to reside with his wife at 830 North Seventh Street, Riverton, Illinois, 62561. Defendant asserts that the Court's concern that he is a threat to the community can be "substantially alleviated" if the Court places him on bond "with sufficient conditions to minimize the possibility of further allegations." <u>See</u> <u>Def.'s Mot.</u> at 3. In Defendant's Second Supplement to Defendant's Omnibus Motion (d/e 59), Defendant asserts that due to his detention, he is unable: (1) to maintain the overall mental health and focus needed to endure this event; (2) to freely communicate with people necessary to help formulate his defense; (3) to freely research, read, or examine law related to his defense; (4) to properly manage his medication, diet, health, and well-being; (5) to maintain proper hygiene and dress; and (6) to have the full support and counsel of his spouse.

A detention hearing may be reopened at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably

3

assure . . . the safety of any other persons." 18 U.S.C. § 3142(f). Defendant's Motion to Set Appropriate Bond and Second Supplement to Omnibus Motion (d/e 59) offer no new information to distinguish the present Motion from his three previous motions to set bond. The concerns stated in the Second Supplement to Omnibus Motion are general complaints about detention that are not specific to this case. The Court finds no reason to reverse the Court's previous three orders on this matter. Accordingly, Defendant's Motion to Set Appropriate Bond is denied.

## MOTION FOR A BILL OF PARTICULARS

Defendant requests that this Court compel the Government to provide a bill of particulars. Defendant argues that the Superseding Indictment (d/e 18) fails to provide enough information for him to properly prepare a defense. Specifically, Defendant argues that the Superceding Indictment "does not specify how the Defendant attempted to knowingly use, induce, entice, and coerce R.P. to engage in sexually explicit materials." Def.'s Mot. at 7. Defendant also argues that Counts II and III "do not specify which computers, hard drives, and other storage

4

materials these visual depictions were stored on and how they were related to the Defendant." Def.'s Mot. at 7. Defendant further asserts that a bill of particulars is warranted due to the complexity of this case, noting that the defense team is reviewing more than 1,150 pages of pretrial discovery.

The Government responds that the more than 1,000 pages of discovery that it has provided to Defendant are an adequate "satisfactory form" of information retrieval, making a bill of particulars unnecessary. See Gov. Resp. at 5 (quoting United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1992) (holding that "[c]omplete and open discovery of all evidence assembled and revealed in the government's investigation . . . is an adequate 'satisfactory form' of information retrieval, making the bill of particulars unnecessary")).

The Government also responds that Defendant's request for a bill of particulars is not a request for a bill of particulars but is instead a request to know how the Government intends to prove the knowledge element in Counts II and III at trial, which is an improper request. Gov. Resp. at 6 (citing United States v. Agostino, 132 F.3d 1183, 1191 (7th

Cir. 1997)).

The decision whether to require a bill of particulars under Rule 7(f) lies within the discretion of this Court. See United States v. Kendall, 665 F.2d 126, 134 (7th Cir. 1981) (citations omitted). The test for determining whether a court should order a bill of particulars is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." United States v. Roya , 574 F.2d 386, 391 (7th Cir. 1978), cert. denied, 439 U.S. 857, 99 S. Ct. 172, 58 L. Ed. 165. Although a defendant has a right to know the offense with which he is charged, the government is not required to detail in the indictment how that charge will be proven. Agostino, 132 F.3d at 1191.

In this case, the Superseding Indictment sets forth the elements of the offenses charged and cites to the relevant statutes for each charge. See Roya, 574 F.2d at 391. The Superseding Indictment further describes the alleged conduct and the nature of the activity with which Defendant is charged. This Court finds that the Superseding Indictment satisfies the standard in Roya by sufficiently apprising Defendant of the

6

charges to enable him to prepare for trial. Because this Court finds that a bill of particulars is unnecessary in this case, Defendant's Motion for a Bill of Particulars is denied.

MOTION TO DISMISS

Section Three of Defendant's Omnibus Motion (d/e 44) is a Motion to Dismiss pursuant to Federal Rules of Criminal Procedure 12(b) and 34. First, Defendant argues that the Government cannot prove that Defendant committed the *actus reus* or had the *mens rea* necessary to commit the charged offenses because the Government lacks evidence to show that Defendant knew the photographs were on the computer or had placed the photographs on the computer. Second, Defendant cites Rule 12(b)(3)(B) and argues that this Court lacks subject matter jurisdiction because there is no evidence to support that the images in question were linked to the internet or placed into the stream of commerce.

Defendant's request that this Court dismiss the Superseding Indictment based on insufficiency of the Government's evidence does not state a proper ground for dismissal. A pretrial challenge to an indictment

7

pursuant to Rule 12(b) is not a proper means of testing the strength or weakness of the government's case or the sufficiency of the government's evidence.  See United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009) (citing United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006)).  Instead, an indictment should be tested on the basis of the allegations made on its face, and such allegations are to be taken as true.  Todd, 446 F.3d at 1067.  An indictment valid on its face cannot be challenged on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.  See  United States v. Gunter, 631 F.2d 583, 586 (8th Cir. 1980) (citing United States v. Calendra, 414 U.S. 338, 345 (1974)).

Defendant's argument that this Court should dismiss the Superseding Indictment for lack of jurisdiction also fails.  Rule 12(b)(3)(B) states that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." In this case, the Superseding Indictment clearly states the offenses charged and invokes the jurisdiction of this Court.  Defendant argues that this Court lacks subject

matter jurisdiction because "there is no evidence to support a link between the images in question to the internet" or to the stream of commerce. Defendant cites no law to support this assertion. This Court finds that Defendant's jurisdictional challenge is actually an argument about the sufficiency of the Government's evidence and is not a proper ground for dismissal of the Superseding Indictment.

MOTION FOR THE SEVERANCE OF CHARGES

Section Four of Defendant's Omnibus Motion is a Motion for the Severance of Charges pursuant to Federal Rules of Criminal Procedure 8, 13, and 14. Defendant requests that this Court sever Count I of the Superseding Indictment from Counts II and III in order to prevent an unfair trial.

Defendant believes that of the two sets of photographs allegedly found on Defendant's computer, the first set, which is referenced in Count I, includes photographs of R.P. allegedly taken by Defendant that Defendant believes are "modeling photographs" and are not sexually explicit in nature. Def.'s Mot. at 11. According to Defendant, the second set of photographs includes about 930 images that are "clearly child

9

pornography which was placed on the Defendant's computer by some other individual." Def.'s Mot. at 12. Defendant argues that his constitutional right to a fair trial will be violated if the jury views the two sets of photographs in the same trial because the "modeling photographs may be seen by the jury as child pornography because of the hundreds of other images." Def.'s Mot. at 12.

Federal Rule of Criminal Procedure 8(a) provides that the Government may join separate offenses against a single defendant where "the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This Court construes Rules 8(a) broadly in order to increase judicial efficiency and avoid duplicate trials. See United States v. Freland, 141 F.3d 1223, 1226 (7th Cir. 1998). In assessing joinder under Rule 8(a), a district court looks only at the face of the indictment and not at the evidence to be produced at trial. United States v. Alexander, 135 F.3d 470, 475-76 (7th Cir. 1986). The determination of whether offenses are of "the same or similar character" requires only "categorical, not evidentiary, similarities." Id. at 476.

In this case, the Superseding Indictment charges Defendant with production of child pornography (Count I), possession of materials containing images of child pornography (Count II), and access with intent to view materials containing images of child pornography (Count III). The charges are categorically similar and of the same class. All three charges pertain to similar events and draw upon similar bodies of evidence. Looking at the face of the Superseding Indictment, this Court finds that joinder of Counts I, II, and III is proper under Rule 8(a).

Even when joinder under Rule 8(a) is proper, Rule 14 authorizes a court to sever the counts if it appears that the defendant's trial will be prejudiced by joinder of the counts. United States v. Rollins, 301 F.3d 511, 517 (7th Cir. 2002)) (citing Fed. R. Crim. P. 14; United States v. Koen, 982 F.2d 1101, 1112 (7th Cir. 1992)). Rule 14 provides that "if joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14. The determination of the risk of prejudice under Rule 14 is within the sound discretion of the district

court.  United States v. Moore, 115 F.3d 1348, 1362 (7th Cir. 1997).  A district court's denial of a Rule 14 severance motion will be reversed only upon a showing of a clear abuse of discretion.  United States v. Quilling, 261 F.3d 707, 714 (7th Cir. 2001).

In order to successfully show that the risk of prejudice requires severance, Defendant must overcome "the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately."  United States v. Turner, 93 F.2d 276 (7th Cir. 1996).  Finally, severance is not required if evidence regarding the severed count would be admissible in the trial of the remaining counts.  United States v. Rogers, 475 F.2d 821, 828 (7th Cir. 1973).

In this case, Defendant has failed to make a showing of prejudice that would justify a Rule 14 severance.  If Count I were severed from Counts II and III as Defendant requests, the evidence admissible in a trial on Count I would likely be admissible on Counts II and III, because the images of R.P. that are the subject of Count I (production) are also the subject of Counts II and III.  See Gov. Resp. at 10.  Additionally, the

evidence admissible on Count I would likely be admissible on Counts II and III pursuant to Federal Rule of Evidence 414(a).  See Fed. R. Evid. 414(a) ("In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.").

Rule 14 assigns to this Court the task of balancing the cost of multiple trials against the possible prejudice to the defendant in a single trial.  See Rollins, 301 F.3d at 518.  This Court notes the strong policy preference in favor of joinder.  See Freland, 141 F.3d at 1226; see also United States v. Jackson, 208 F.3d 633, 638 (7th Cir. 2000) ("Judicial efficiency motivates a strong policy preference in favor of joinder.").  In this case, the Court finds that severance of the charges would result in duplicate trials, inconvenience to witnesses, and waste of judicial resources.  Accordingly, Defendant's Motion for Severance of Charges is denied.

## CONCLUSION

THEREFORE, Defendant's Omnibus Motion (d/e 44), including Motion to Set Appropriate Bond, Motion for a Bill of Particulars, Motion to Dismiss, and Motion for the Severance of Charges, is DENIED.

IT IS SO ORDERED.

ENTER: October 3, 2011

FOR THE COURT:

                               s/Sue E. Myerscough
                               SUE E. MYERSCOUGH
                               UNITED STATES DISTRICT JUDGE