UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-CR-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

The Court now considers Defendant Jeffrey Price's Motion for Entry of Order (d/e 68) and Motion for Order on Subpoena (d/e 72).  In his Motion for Entry of Order, Defendant requests this Court to enter the Proposed Order attached to his Motion.  In his Motion for Order on Subpoena, Defendant requests this Court to set a hearing to allow the Court to hear arguments concerning the subpoena at issue.  The Government filed an Objection to the Defendant's Proposed Order and Subpoena (d/e 73).

1

On October 5, 2011, the Court held a hearing by telephone to hear arguments by Defendant and the Government regarding the Defendant's Motions and Proposed Order. Over the Government's objections, the Court granted Defendant's Motion for Order on Subpoena (d/e 72). The Court directed that notice be given to the Victim, R.P., pursuant to Federal Rule of Criminal Procedure 17(c)(3), and any objections be filed with the Court by 4:00 p.m. on October 7, 2011.

On October 7, 2011, the Government filed a Notice to the Court (d/e 74) stating that Detective Paula Morrow and United States Attorney's Office Victim Witness Coordinator Sharon Paul provided R.P. with notice of Defendant's Motion, Proposed Order, and Proposed Subpoena. R.P. stated that she will not be filing any objection to Defendant's Motion, Proposed Order, or Proposed Subpoena.

The Court now finds that:

1. The Defendant is an indigent person, a status that this Court has previously determined. The Government offers no objection on this issue.

2. Defendant's Motion is brought pursuant to Federal Rules of Criminal Procedure 17(b) and 17(c) for payment of fees and expenses for issuance of subpoenas for fact witnesses, documents, and objects.

3. Issuance of subpoenas is necessary in order to properly allow the defense to prepare for the pending proceedings.

## CONCLUSION

THEREFORE, Defendant's Motion for Entry of Order (d/e 68) and Motion for Order on Subpoena (d/e 72) are GRANTED. The United States Marshal's Office is to serve such subpoenas and authorize witness travel, expenses, per diem, and other allowable expenses necessary to allow for reimbursement under Government Services Administration Regulations. As ordered by the Court at the October 3, 2011 Pretrial Hearing, Defendant is to produce the subpoenaed medical records to this Court by 4:00 pm on October 19, 2011. This Court retains jurisdiction over this issue for enforcement of this Opinion.

IT IS SO ORDERED.

ENTER: October 11, 2011

FOR THE COURT:        s/Sue E. Myerscough
                       SUE E. MYERSCOUGH
                   UNITED STATES DISTRICT JUDGE