IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>    )<br>    Plaintiff,    )<br>    )<br>v.    )<br>    )<br>JEFFREY PRICE,    )<br>    )<br>    Defendant.    ) | Case No. 09-30107 |

**GOVERNMENT'S RESPONSE TO**
**OCTOBER 12, 2011 TEXT ORDER**

The United States of America, for its response to this Court's October 12, 2011 text order, states:

## I. Background

On Thursday, October 6, 2011, the grand jury returned a second superseding indictment against the defendant. The second superseding indictment is the same in all material respects to the first superseding indictment. (*Compare* R.76 *with* R.18). The differences between the two indictments are: (1) count one now specifies that the offense of production of child pornography occurred between the narrower period of time of 2002 and 2004; (2) count two now specifies two materials, *i.e.*, two hard drives, that the defendant allegedly possessed that contained child pornography; (3) count two now specifies a broader period of time for the alleged possession of child pornography (between

1

February 2008 and September 11, 2009); (4) there is no longer a count three charging access with the intent to view child pornography; and (5) the forfeiture notice now includes notice to forfeit various CDs and DVDs. The defendant has been on notice of the two charges of production and possession of child pornography since his arraignment on the original indictment on November 24, 2009. The original indictment charged the same two substantive offenses with which he is charged in the second superseding indictment. (*Compare* R.9 *with* R.76).

Following this Court setting the arraignment on the second superseding indictment, the defendant provided notice to the Court that he does not intend to waive the 30-day trial preparation period between arraignment and trial. *See* 18 U.S.C. § 3162(c)(2). The government thereafter filed a response to the notice, stating:

> The United States acknowledges the defendant's right, as set forth in 18 U.S.C. § 3161(c)(2), to not proceed to trial less than 30 days from the date the defendant is arraigned. *Accordingly, the government has no grounds on which it can object to the defendant's exercise of his statutory right*.

(R.83) (emphasis added).

On October 12, 2011, this Court entered a text order in which it expressed its belief that there is authority contrary to the position taken by the government in its response. This Court directed the parties attention to the Supreme Court's

opinion of *United States v. Rojas-Contreras*, 474 U.S. 231 (1985), and directed the parties to brief the issue prior to today's arraignment.

## II. Analysis

The Court's belief is correct. There is authority contrary to the position taken by the government in its response, and the undersigned acknowledges his error in the government's response to the defendant's notice. For the reasons set forth below, the United States requests this matter remain set for trial on November 1, 2011.

In *Rojas-Contreras*, the defendant was charged with felony illegal reentry into the United States. Approximately two months after his arraignment on the original indictment, the defendant was arraigned on a superseding indictment that was identical in all material respects to the original indictment. The sole difference between the superseding indictment and the original indictment in that case was the date of the defendant's underlying conviction that was the basis, in part, of the charge of felony illegal reentry. *Rojas-Contreras*, 474 U.S. at 232-33.

On the same day as the arraignment on the superseding indictment, the defendant moved to continue the trial that was scheduled to begin the next day. The defendant argued that the Speedy Trial Act, § 3162(c)(2), required a new 30-day trial preparation period be granted following the arraignment on the

superseding indictment. Relying on the Seventh Circuit's decision in *United States v. Horton*, 676 F.2d 1165 (7th Cir. 1982), the district court denied the motion. On appeal, the Ninth Circuit reversed the district court, holding that a trial preparation period that is less than 30 days from arraignment on a superseding indictment is inadequate *per se*. *Rojas-Contreras*, 474 U.S. at 233-32.

The Supreme Court granted *certiorari* and reversed the decision of the Ninth Circuit. The Court held that the Speedy Trial Act does not require that the 30-day trial preparation period under § 3162(c)(2) be restarted upon arraignment on a superseding indictment. *Id.* at 236. Although the Court noted that it is within a district court's discretion to grant a continuance for the purpose of further preparation, the Court concluded that the defendant was not prejudiced by being compelled to proceed to trial the day following the arraignment on the superseding indictment because the superseding indictment was materially the same as the original indictment. *Id.* at 236-37.

*Rojas-Contreras* makes clear that Defendant Price does not have a statutory right to an additional 30-day trial preparation period. Further, in light of *Rojas-Contreras*, it would be well within this Court's discretion to deny any motion by the defendant to continue the current trial setting since the second superseding does not require any alteration to the planned defense strategy.

4

The defendant was arraigned on the original indictment nearly two years ago on November 24, 2009. That indictment, like the second superseding indictment, charged the defendant with production of child pornography (count one) and possession of child pornography (count two) and contained a forfeiture notice. (*Compare* R.9 *with* R.76). On May 11, 2010, the defendant was arraigned on a superseding indictment. The superseding indictment, like the second superseding indictment, included the charges of production of child pornography (count one) and possession of child pornography (count two) and a notice of forfeiture. (*Compare* R.18 *with* R.76). The superseding indictment also charged a third substantive offense of access with the intent to view child pornography. (R.18). This charge *is not* included the second superseding indictment on which the defendant is being arraigned today. (R.76). Hence, there is now one less substantive charge for the defendant to prepare a defense.

In summary, the second superseding indictment is not materially different from the two prior indictments in this case, with the exception that the second superseding indictment contains one less substantive count than the superseding indictment. "To avoid prejudicing a defendant, a continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense." *Rojas-Contreras*, 474 U.S. at 230-31 (Blackmum, J.) (concurring). In this case, the defendant has been

5

on notice since November 24, 2011 of the charges of production of child pornography and possession of child pornography.  Accordingly, he has had nearly two years to prepare for trial.  It would, therefore, be well within this Court's discretion to deny the defendant's request to continue the trial date.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court maintain the current trial setting of November 1, 2011.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY


By:  /s/Greggory R. Walters
     Assistant United States Attorney
     One Technology Plaza
     211 Fulton Street, Suite 400
     Peoria, Illinois 61602
     Tel: 309-671-7050
     Fax: 309-671-7259

## CERTIFICATE OF SERVICE

I certify that on this 13th Day of October, 2011, I filed a copy of the foregoing response with the Clerk of the Court using the CM/ECF system, which will cause notice of the response to be sent to:

Jon Gray Noll
Daniel A. Noll
*Attorneys for the Defendant*

/s/Jessica Stowe
Legal Assistant