IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| JEFFREY PRICE, | )   No. 09-cr-30107 |
| Defendant. | ) |

## DEFENDANT'S BRIEF OF
## UNITED STATES v. FERNANDO ROJAS-CONTRERAS

**NOW COMES**, Jeffrey Price, by and through his court-appointed attorney, Jon Gray Noll and Daniel A. Noll, and in support of his Brief of U.S. v. Contreras states as follows:

### BACKGROUND

On October 6, 2011, the grand jury for the Central District of Illinois returned a Two Count Second Superseding Indictment against the defendant. The Court set its arraignment of the Defendant for Thursday October 13 at 2:30 p.m. Trial for the above-style proceedings is presently scheduled for Tuesday November 1, 2011.

On October 11, 2011, Defense Counsel filed its Notice to the Court advising the parties that the defendant did not wish to waive his statutory right under Title 18 U.S.C. §3161. Further, the Defendant requested that the current trial setting be continued subject to the Court's discretion.

On October 12, 2011, the Court entered an order requiring the parties to brief United States v. Rojas-Contreras. This pleading is in accordance with that order.

**The holding in Rojas-Contreras allows for the Defendant's continuance.**

In U.S. v. Rojas-Contreras, 474 U.S. 231, 234-237 (1985), the United States Supreme Court held that the Speedy Trial Act, of which § 3161(c)(2) is a part, does not require that the 30 day preparation period be restarted upon the filing of a superseding indictment.

However, it should be noted that this case does not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of a superseding indictment. *Id.* at 237. The Speedy Trial Act places broad discretion in the District Court to grant a continuance when necessary to allow further preparation.

Section 3161(h)(8) authorizes the trial judge to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* The authority of the District Court to grant an "ends of justice" continuance should take care of any case in which the Government seeks a superseding indictment which operates to prejudice a defendant. *Id.*

The present case is distinguishable from *Rojas-Contreras* in a number of ways. The grand jury in *Rojas-Contreras* returned an identical superseding indictment to the original except that it corrected the day of a previous conviction. Here, the Government has changed the time frame of the alleged offenses and reduced the alleged violations of federal law.

In the First Superseding Indictment, the Government alleged the offenses occurred between 2002 and 2009. Now, the Second Superseding Indictment reduces that time frame to a two year period between 2002 and 2004.

2

In addition, the Second Superseding Indictment alleges violations of 18 U.S.C. § 2251(a) as well as 18 U.S.C. § 2252A(a)(5)(B). This is a reduction in the alleged number of violations from the First Superseding Indictment.

While Defense Counsel understands that a superseding indictment is often used to drop charges, parties, or to make minor corrections that leave the charges and the evidence necessary to defend against them unaffected, that is not the case here. *See:* Justice Blackmun's concurring opinion, Id. at 240.

The First Superseding Indictment alleged conduct over a seven year period. In preparation of his defense, the Defendant has interviewed numerous witnesses and subpoenaed materials spanning the entirety of that time frame. The Defendant is concerned that due to the narrowed focus of the Second Superseding Indictment he may need to re-interview witnesses and review the admissibility of the wide array of exculpatory evidence that was planned to be presented at trial.

Furthermore, the holding in *Rojas-Contreras* does not mandate that the Defendant be brought to trial within the 30 day frame after the superseding indictment. The holding gives great discretion to the District Court to determine what meets the ends of justice.

Finally, the Defendant alleges that if his motion to continue is denied that it will violate his constitutional rights.

**WHEREFORE**, Defendant, Jeffrey Price, respectfully request this Court grant his Motion for Continuance to trial date of November 1, 2011 and for such other and further relief as this Court deems just and equitable.

Respectfully submitted,

**JEFFREY PRICE**, Defendant

By: /s Daniel A. Noll
DANIEL A. NOLL
Reg. No. 6302658
Noll Law Office
1201 South Sixth Street
Springfield, IL 62703
Telephone: (217) 544-8441
Fax: (217) 544-8775
E-mail: noll@noll-law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Greggory R. Walters
Assistant United States Attorney

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Jeffrey Price
Pike County Jail
204 Adams Street
Pittsfield, IL 62363

                                        By:   /s Jon Gray Noll
                                              JON GRAY NOLL
                                              Reg. No. 02060108
                                              Noll Law Office
                                              1201 South Sixth Street
                                              Springfield, IL  62703
                                              (217) 544-8441
                                              (217) 544-8775 (fax)
                                              Email: noll@noll-law.com