IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JEFFREY PRICE, | ) | No. 09-30107 |
| | ) | |
| Defendant. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On October 5, 2011, this Court held a telephonic hearing regarding Defendant's Motion for Entry of Order (d/e 68) and Motion for Order on Subpoena (d/e 72) (hereinafter, collectively referred to as "the Motions"). Counsel for Defendant and the Government were both present. This Court granted the Motions. See d/e 78 (Opinion issued on October 11, 2011).

This Court now finds as follows:

1. This Court previously determined that Jeffrey Price is indigent. Subsequently, an order was entered allowing for service of subpoenas without prepayment of costs on behalf of indigent Defendant Price.

2. It is the desire of the defense to review the mental health, psychological and counseling records of the alleged victim, R.P., which the Defendant believes are presently held by Lincoln Prairie Behavioral Health Center.

Defendant has prepared a subpoena for production of documents relating to the psychological and medical records of R.P., which subpoena is to be returned on or before 4 pm on October 19, 2011.

3. Federal Rule of Criminal Procedure 17(c)(3) requires a court, before issuing a subpoena requiring a third party to produce personal or confidential information about a victim, to give notice to the victim so that the victim can move to quash, modify the subpoena, or otherwise object. The Government contacted the victim, R.P. and gave her the required notice. R.P. advised the Government that she did not object to

the issuance of the subpoena and the Government so advised the Court.

4. Lincoln Prairie Behavioral Health Center is subject to the Health Insurance Portability and Accountability Act of 1996, which protects the privacy of individual health information for a patient. Medical providers have been reluctant to honor subpoenas for the turnover of patient medical records fearing violation of HIPAA. To facilitate the compliance with the subpoena for Lincoln Prairie Behavioral Health Center, this Court is entering an Order directing compliance.

5. Upon receipt of the subpoenaed materials, the Court will review the records, in camera, to determine relevancy and materiality of the documentation to Defendant's case.

6. The defense has disclosed that its defense at trial will, in substance, be:

> R.P. placed the subject illegal materials on Defendant's computer without his knowledge as an act of revenge for Defendant's corporal and parental discipline of her. Or in the alternative, R.P.'s brother or some other third party placed the subject illegal materials on the Defendant's computer without

Defendant's knowledge.

7. The Court finds that an order should be entered at this time directing turnover of the requested materials set forth in attachment A to defendant's subpoena. These materials are necessary for preparation of the defendant's defense in this case.

**WHEREFORE**, this Court Orders that:

1. Lincoln Prairie Behavioral Center comply with the subpoena served on it by Defendant in the above-style proceedings and provide such materials, documents and records as set forth in Attachment A.

2. The Court further orders that these documents and records are to be provided to the Court under seal on or before 4 p.m. on October 19, 2011, accompanied with an affidavit of compliance identifying the individual who assembled the materials along with the address, email and telephone number of the party responsible for compliance.

3. The Court retains jurisdiction of the parties and subject matter of this order for enforcement purposes and compliance with

service of the subject subpoena.

IT IS SO ORDERED.

ENTER: October 17, 2011.

    FOR THE COURT:                s/ Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                     United States District Judge