IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-30107 |
| ) | |
| JEFFREY PRICE, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION IN LIMINE TO ADMIT
<u>EVIDENCE OF COUNTRY OF ORIGIN</u>**

The United States of America, for its memorandum of law in support of motion in limine to admit evidence of country of origin, states:

**I. Background**

The defendant is charged in a two-count, second superseding indictment with use of a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) (count one), and possession of materials containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (count two). The second count of the indictment is the subject of the government's motion in limine and memorandum of law. More specifically, the trade inscriptions on two hard drives that show the hard drives' respective countries of origin are the subject of these filings.

1

Section 2252A(a)(5)(B) prohibits the knowing possession of any "material that contains an image of child pornography . . . that was produced using materials that have mailed, or shipped or transported in . . . interstate or foreign commerce by any means, including by computer." In the context of the charge of possession of child pornography, computer images are considered "produced" in interstate or foreign commerce when computer equipment, which has traveled in interstate or foreign commerce, is used to download or copy the images. *See United States v. Anderson*, 280 F.3d 1121, 1125 (7th Cir. 2008); *United States v. Angle*, 234 F.3d 326, 341 (7th Cir. 2000).

In this case, the government's theory of interstate nexus with respect to the charge of possession of child pornography is that each of the hard drives from which the child pornography was recovered by forensic experts was manufactured outside the United States. More specifically, the hard drive from the Dell Inspiron E1505 S/N 36WY0D1 laptop was manufactured in China, and the hard drive from the Dell Dimension computer L733R S/N C229201 was manufactured in Singapore. Each of these hard drives – a Seagate hard drive from the Dell Inspiron laptop (China), and a Maxtor hard drive from the Dell Dimension computer – has a trade inscription that indicates its country of origin.

The government's motion in limine seeks two rulings from the Court: (a) the trade inscriptions on the Seagate hard drive and Maxtor hard drive are self-

authenticating under Fed. R. Evid. 902(7); and (b) these trade inscriptions are outside the definition of "hearsay" set forth in Fed. R. Evid. 801.

Alternatively, if this Court finds that the trade inscriptions fall within the definition of hearsay under Rule 801, the government hereby provides notice to the defendant of its intent to introduce evidence of the of countries of origin of the hard drives pursuant to the residual hearsay exception set forth in Fed. R. Evid. 807. The government further respectfully requests a ruling from this Court that such evidence is admissible under Rule 807.[1]

## II. Analysis

**A.     Trade Inscriptions are Self-Authenticating and are Not "Hearsay" Under Fed. R. Evid. 801**

Fed. R. Evid. 902(7) provides that "[i]nscriptions, signs, tags, or labels purporting to have been affixed in the course of business and indicating ownership, control or origin" are self-authenticating. The commentary to Rule 902 explains,

> Several factors justify dispensing with preliminary proof of genuineness of commercial and mercantile labels and the like. The risk of forgery is minimal. Trademark infringement involves serious penalties. Great efforts are devoted to inducing the public to buy in reliance on brand names, and substantial protection is given them. Hence, the fairness of this treatment finds recognition in the cases.

---

[1] The United States has submitted proposed stipulations to the defendant regarding the countries of origin of the Seagate and Maxtor hard drives. Should the defendant agree to these stipulations, the government's motion in limine will become moot.

Fed. R. Evid. 902, note to para. (7) (citations omitted). The 902(7) self-authentication rule has been recognized and applied to, for example:

- documents, *see Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (holding that a document marked with a trade inscription indicating the source of origin of the document was self-authenticated under Rule 902(7));

- firearms, *see United States v. Alvarez*, 972 F.2d 1000, 1104 (9th Cir. 1992) (holding that manufacturer's markings on firearm that included country of origin were self-authenticating under Rule 902(7) and not within definition of hearsay), *overruled on other grounds*, *Kawashima v. Mukasey*, 530 F.3d 1111 (9th Cir. 2008);

- markings on the opening frames of a news broadcast, *see Los Angeles. News Serv. v CBS Broad., Inc.*, 305 F.3d 924, 936 (9th Cir. 2002) (holding that identifying slate that appeared on opening frames of videotape of news footage was self-authenticating under Rule 902(7)); and

- computers and computer hard drives, *see United States v. Brown*, 2009 WL 2090193 (S.D. Ind. Jul. 13, 2009) ("Product of Malaysia" inscription on hard drive was self-authenticating under Rule 902(7)); *ACCO Brands, Inc v Pc Guardian Anti-Theft Prods., Inc.*, 592 F. Supp. 2d 1208, 1219 (N.D. Cal. 2008) (holding label on computers was self-authenticating under Rule 902(7)).

For these same reasons, and consistent with the authority cited above, the trade inscriptions on the Seagate and Maxtor hard drive are self-authenticating under Fed. R. Evid. 902(7).

Further, the self-authenticating trade inscriptions are not hearsay under Fed. R. Evid. 801. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the

truth of the matter asserted." Fed. R. Evid. 801(c). The term "statement" includes "an oral or written assertion" and a "declarant" is "a person who makes a statement." Fed. R. Evid. 801(a) & (b).

In this case, the trade inscriptions on the Seagate and Maxtor hard drives are part of the physical evidence, *i.e.*, the hard drives themselves, to be admitted at trial as Government Exhibits 3A and 4A, respectively. These inscriptions read "Made in China" and "Made in Singapore." The government respectfully submits that the hard drives themselves are not "declarants," since they are neither "people" nor capable of making a "statement." *See* Fed. R. Evid. 801(b). Further, as explained by the district court in *Brown*, *supra*:

> The inscription [on a hard drive stating the country of origin] might be considered at first to be an out-of-court "statement" about the origin of the product that would fall within the scope of hearsay as defined in Rule 801. The government points out that in *United States v. Snow*, 517 F.2d 441, 443-44 (9th Cir. 1975), the Ninth Circuit adopted the concept of a "mechanical trace" described by Professor Wigmore in his treatise on evidence . . . . In *Snow* the court held that the district court had properly allowed admission of a briefcase in which an unregistered firearm was found. The case had a red tape on it with the lettering of a business name and the defendant's name. The Ninth Circuit held that the district court had properly overruled a hearsay objection to the contents of the tape on the case because the tape was merely circumstantial evidence of ownership and did not amount to a testimonial statement of ownership. The Ninth Circuit later applied this reasoning to a trade inscription on a firearm, stating that it was made in Spain, in *United States v. Alvarez*, [*supra*]. This reasoning appears to this court to be sound. The inscription [on the hard drive] is simply part of the physical evidence in the case, and *it would make little sense to suggest that it should be "redacted" in some way. The inscription of origin is required by*

*law and should be highly reliable.* (If there were an issue about the reliability of such an inscription of origin in a specific case, of course, additional evidence on the point could be offered).

*Brown*, 2009 WL 2090193, at *11 (emphasis added); *see also United States v. Koch*, 625 F.3d 470, 480 (8th Cir. 2010) (holding that district court did not abuse its discretion in admitting agent's testimony that a computer and flash drive were each labeled as having been manufactured in China, noting that the court had previously rejected a claim in another case that a manufacturer's trade inscription is inadmissible hearsay).

For these reasons, the United States respectfully requests that this Court find that the trade inscriptions on the Seagate and Maxtor hard drive are self-authenticating under Rule 902(7) and are not hearsay within the scope of Rule 801.

### B.   Alternatively, the Trade Inscription Information is Admissible Under Fed. R. Evid. 807

If this Court determines that the trade inscriptions on the hard drives fall within the scope of hearsay under Rule 801, the United States hereby provides notice to the defendant of its intent to offer the trade inscriptions on the hard drives under the residual hearsay exception set forth in Fed. R. Evid. 807. Pursuant to Rule 807, the government also notifies the defendant that a Seagate and Maxtor representative with knowledge of the point of manufacture of the hard drives is:

>Cindy Arvanites
>(or other Seagate/Maxtor Representative)
>Senior Litigation Paralegal
>Seagate Technology LLC
>10200 S. DeAnza Blvd.
>Cupertino, CA 95014

Rule 807, which was formerly codified at Fed. R. Evid. 803(24) and 804(b)(5), provides:

>A statement not specifically covered by [the hearsay exceptions in] Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and interests of justice will be best served by admission of the statement into evidence. . . .

In this case, the trade inscriptions on the hard drives have equivalent or greater circumstantial guarantees of trustworthiness than the hearsay exceptions set forth in Rules 803 and 804 because such inscriptions are required under federal law. Section 1304(a) of Title 19, United States Code, requires that "every article of foreign origin . . . imported into the United States shall be marked in a conspicuous place as legibly, indelibly, and permanently as the nature of the article . . . will permit in such manner as to indicate to the ultimate purchaser in the United States the English name of the country of origin of the article."

The remaining requirements of Rule 807 are also met by the trade inscriptions at issue. First, interstate or foreign commerce nexus is an element of

the offense of possession of child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B). Therefore the evidence of countries of origin of the hard drives is being offered as a material fact in this case.  *See* Fed. R. Evid. 807(A).

Second, the proffered evidence is more probative on the point for which it is offered than the alternatives of calling a representative from Maxtor/Seagate or offering business records that state the same thing that is indelibly printed on the respective hard drives.  *See* Fed. R. Evid. 807(B).  The requirement of Rule 807(B) that the offered evidence is "more probative" than any other evidence the proponent can procure through reasonable efforts is not a rigid requirement, as exhibited by the Seventh Circuit's analysis in *United States v. Blackburn*, 992 F.2d 666 (7th Cir. 1993).  In *Blackburn*, the Seventh Circuit found that a computer-generated printout concerning a certain test was admissible under the residual hearsay exception because the document was "*at least as probative . . .* as any oral statement that could be offered by an observer of the same test."  *Id.* at 807 (emphasis added).  In this case, the conspicuous and indelible trade inscriptions are at least as probative, and arguably more probative, on the issue of country of origin as oral testimony from a Seagate/Maxtor representative on the same topic. Further, business records under Fed. R. Evid. 803(6) made in the ordinary course of business are no more inherently reliable than a trade inscription that is required by U.S. law.  In fact, each alternative to the use of the trade inscription –

8

that is, oral testimony from a company representative or business records – is at least one step removed from what is already indelibly printed on each hard drive.  Accordingly, the government respectfully submits that the trade inscriptions are more probative on the issue of country of origin than either of the alternative forms of proof.

Third, using trade inscriptions that are located on physical evidence to be introduced at trial, which would result in reducing the number of witnesses or exhibits in the case without affecting the quality of the evidence or the defendant's constitutional rights, serves the interests of justice.  *See* Fed. R. Evid. 807(C).

Accordingly, the United States respectfully requests that this Court alternatively find that the trade inscriptions on the Seagate and Maxtor hard drives meet the requirements of the residual hearsay exception set forth in Fed. R. Evid. 807.

## III. Conclusion

For the foregoing reasons, the United States of America requests that this Court grant its motion in limine to admit evidence of country of origin.

>Respectfully submitted,
>
>UNITED STATES OF AMERICA
>
>JAMES A. LEWIS
>UNITED STATES ATTORNEY
>
>By:  /s/Greggory R. Walters
>     Assistant United States Attorney
>     One Technology Plaza
>     211 Fulton Street, Suite 400
>     Peoria, Illinois 61602
>     Tel: 309-671-7050
>     Fax: 309-671-7259

**CERTIFICATE OF SERVICE**

I hereby certify that on this 18th Day of October, 2011, I filed a copy of the foregoing memorandum of law with the Clerk of the Court using the CM/ECF system, which will cause notice of the memorandum to be sent to:

Jon Gray Noll
Daniel A. Noll
Attorneys for the Defendant

/s/Jessica Stowe
Legal Assistant