IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-30107 |
| | ) | |
| JEFFREY PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO QUASH**

The United States of America, in support of its motion to quash, states:

**Background**

On October 24, 2011, the Clerk of the Court issued three defense

subpoenas *duces tecum* for documents to be produced on Friday, October 28,

2011, at 10:00 a.m.  (Doc. No. 117).  Respectively, these subpoenas are addressed

to and request the following documents:

(i)     Chief of Police, Springfield Police Department: "A listing and summaries of all cases assigned to, investigated by, testified to as lead detective or otherwise of Detective Paula Morrow from January 1, 2009 through today's date of October 24, 2011";

(ii)    Detective Paula Morrow, Springfield Police Department: "Any manual used by detective in investigating child pornography, sex offenses and general criminal cases, as well as procedural manuals for investigations"; and

(iii)    Custodian of Records, Child Advocacy Center: "Any and all interviews of Patricia Price or any members of the Price family from January 1, 2009 through today's date of October 24, 2011."

**Legal Framework**

A subpoena *duces tecum* under Rule 17(c) "is not intended to provide a means for discovery in criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974). In *Nixon*, the Supreme Court adopted the four-part test, set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), for use of a criminal subpoena:

> to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a "fishing expedition."

*Nixon*, 418 U.S. at 699-701 (footnotes omitted).

Federal courts construing Rule 17(c) have emphasized that a party moving for pretrial production of a third-party record "must show that (1) the subpoenaed document is relevant, (2) it is admissible, and (3) that it has been requested with adequate specificity." *United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996), quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992),

*citing Nixon*, 418 U.S. at 699-700; *see also United, States v. Loe*, 248 F.3d 449, 466 and n.70 (5th Cir. 2001). "Notably, 'these specificity and relevance requirements require more than the title of a document and conjecture as to its contents.'" *Hang*, 75 F.3d at 1283 (upholding district court's refusal to provide records of government witness's mental health treatment on grounds that it was a "fishing expedition"), *quoting Arditti*, 955 F.2d at 345.

Defendant bears the burden of establishing that the documents requested are evidentiary and relevant. "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. But mere speculation as to the contents of documents is hardly a showing of relevance.

## Argument

The defendant's subpoenas to the Chief of Police and Detective Morrow completely fail every requirement of Rule 17. With respect to the subpoena to the Chief of Police, summaries of all cases in which Detective Morrow testified are completely irrelevant to the present case. Moreover, such summaries are inadmissible due to their lack of relevance and could not meet the requirements of Fed. R. Evid. 803 (hearsay exceptions) or 1006 (summaries) for admissibility. Because summaries concerning other cases are completely irrelevant to the

3

present case, they certainly would not be beneficial to this defendant preparing for trial.  Lastly, the lack of specificity and large period of time covered by the subpoena show that the defendant is on a fishing expedition.

With respect to the subpoena directed to Detective Paula Morrow, what possible relevance would "any manual" relating to child pornography investigations and "general criminal cases" have to this case?  Further, even if somehow relevant, under which Rule of Evidence could they ever be admitted?  The defendant has also failed to explain how these manuals would help him prepare for trial.  Further, like the subpoena to the Chief of Police, a subpoena requesting "any manual used by detectives in investigating child pornography, sex offenses, and general criminal cases" is a broad fishing expedition.

With respect to the subpoena to the Child Advocacy Center, the defendant asks for any and all "interviews" of Patricia Price and any member of the Price family from January 1999 to the present.  The government notes that the defendant has received reports in discovery concerning CAC interviews in this case and has received an audio/video copy of the interview of R.P. at the CAC.  In other words, the CAC items were already procured by the defendant under Rules 16 and 26.2 reasonably in advance of trial.  Moreover, Rule 17 explicitly provides that statements of witnesses may not be subpoenaed under Rule 17.  Fed. R. Crim. P. 17(h).

Lastly, the United States respectfully requests notice of the defendant's requests for subpoenas *duces tecum*.  Although Rule 17(b) explicitly allows for ex parte application for testimonial subpoenas, there is no similar mechanism for subpoenas *duces tecum* under Rule 17(c).

## Conclusion

For the foregoing reasons, the United States respectfully requests this Court quash the subpoenas to the Chief of Police, Detective Morrow, and the Children's Advocacy Center.  The United States further requests notice of the defendant's requests for subpoenas *duces tecum*.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY

By:    /s/Greggory R. Walters
       Assistant United States Attorney
       One Technology Plaza
       211 Fulton Street, Suite 400
       Peoria, Illinois 61602
       Tel: 309-671-7050
       Fax: 309-671-7259

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th Day of October, 2011, I filed a copy of the foregoing memorandum with the Clerk of the Court using the CM/ECF system, which will cause notice of the memorandum to be sent to:

> Jon Gray Noll
> Daniel A. Noll
> *Stand by Counsel*

I further certify that on this same date, I placed a copy of the foregoing memorandum in the United States Mail, First Class and postage prepaid, addressed to:

> Jeffrey Price
> *Pro Se* Defendant
> Pike County Jail
> 204 E. Adams Street
> Pittsfield, Illinois 62363

I further certify that on this same date, I sent a copy of the foregoing by facsimile, 217-285-4496, addressed to the attention of Jeffrey Price, *Pro Se* Defendant.

> /s/Jessica Stowe
> Legal Assistant