3:09-cr-30107-SEM-BGC   # 121   Filed: 10/25/11   Page 1 of 10
E-FILED
Tuesday, 25 October, 2011 08:46:19 AM
Clerk, U.S. District Court, ILCD


IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 09-30107 |
| JEFFREY PRICE, | ) ) ) |
| Defendant. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS,
DOCUMENT NOS. 111-116**

The United States of America, for its response to various motions filed by the defendant on October 24, 2011 (Doc. Nos. 111 through 116), states:

**Background**

On October 24, 2011, the defendant filed a number of motions. This response is to the following *pro se* motions:

- "Defendant's First Claim of Prosecutorial Misconduct," Doc. No. 111;

- "Motion for Disclosure of Photos," Doc. No. 112;

- "Motion for Disclosure by Prosecution," Doc. No. 113;

- "Amended Motion to Suppress," Doc. No. 114;

- "Defendant's Request for Explanation," Doc. No. 115; and

- "Motion for Recusal," Doc. No. 116.

1

The motions are without merit, and the United States respectfully requests this Court deny the motions in their entirety.

A.    "Defendant's First Claim of Prosecutorial Misconduct"

The defendant alleges in his motion that Detective Paula Morrow has threatened his wife, Patricia Price, on two occasions: October 4, 2011 and sometime between March and May 2011. According to the defendant, Detective Morrow has threatened to charge Mrs. Price criminally if she testifies for the defendant. Notably, the defendant does not even pray for any substantive relief in his pleading.

Clearly, the defendant has no firsthand knowledge of any contacts between Detective Morrow and Mrs. Price given the defendant was in custody at the time of the alleged contacts between the detective and Mrs. Price. Detective Morrow wholly denies the defendant's baseless allegations. The United States further notes that Mrs. Price -- who is presumably the source of the allegations the defendant now makes -- is the same person who testified at the suppression hearing that:

- ■   "Defendant told her that Detective Morrow 'threatened to sit there until Monday morning if he didn't turn over the laptop'" during Detective Morrow and Investigator Hatcher's September 11, 2009 interview of the defendant;

- ■   "[S]he heard Defendant leave two voice messages for Detective Morrow in which Defendant stated that he wanted the computer

2

> back and that he only gave [Morrow] the computer because she threatened him."

(R.80, pp. 9, 13). We note that this is also the same person who this Court found to be less credible than Detective Morrow. (R.80, pp. 10, 14). We further note that this Court twice noted in its Order denying the defendant's motion to suppress that Mrs. Price "has an interest in the success of Defendant's defense." (R.80, pp. 10, 14).

The defendant's allegations are also demonstrably false, even without considering the questionable source of the allegations. He alleges in his motion that one of the times Detective Morrow threatened Mrs. Price with criminal charges if she testified was between March and May 2011. Remarkably, Mrs. Price nevertheless testified at the October 3, 2011 suppression hearing and has not been charged criminally.

As far as the remaining allegations of misconduct in the defendant's motion, they, too, are baseless. There is no evidence that the United States has knowingly introduced any perjured statements or testimony in this matter. Moreover, the United States wholly denies that it has done so. Concerning the defendant's question of whether the United States has disclosed that pornographic images of RP produced by the defendant were found on both the defendant's Dell Inspiron and defendant's Dell Dimension, the answer is "yes." In fact, the United States even brought copies of those images to Court on

October 3, 2011 and showed them to the defense. Further, on that same date, the United States had its two forensic experts who recovered those images present for defense to question if they wanted to. Since October 3, 2011, the defendant's purported forensic expert has been to the forensic laboratory at the United States Attorney's Office and or the ICE Resident Agency on multiple occasions to review electronic storage media in this case.

To the extent the defendant seeks any type of substantive relief, the United States respectfully requests this Court deny the defendant's "First Claim of Prosecutorial Misconduct," Doc. No. 111.

**B.    "Motion for Disclosure of Photos"**

In this motion, the defendant seeks that this Court order the photographs introduced nearly two years ago, on October 22 and 27, 2009, be unsealed and that the defendant be allowed to review the exhibits. The United States notes that, according to the docket in this case, exhibits 1 through 17 were introduced and admitted at the October 27, 2009 hearing, which was the first of many hearings on the issue of detention.

The United States has no objection to the defendant reviewing these exhibits; it does, however, object to the defendant's continued attempts to frivolously litigate the detention issue. The United States also objects to the unsealing of the exhibits. Presumably, these exhibits contain images of produced

by the defendant of R.P. engaging in sexually explicit activity. Accordingly, these exhibits cannot be unsealed. *See generally* 18 U.S.C. § 3509.

**C.     "Motion for Disclosure by Prosecution"**

The defendant "demands any and all information, documentation, memoranda and the like that the prosecution or law enforcement agencies have as to the background, disposition, verdict and documentation as to these [approximately] 40 cases" in which R.P.'s images have been recovered. The defendant believes that none of the photos of R.P. are pornographic and, therefore, according to him, the defendant's in these approximately 40 cases may have been acquitted. He presumably would then seek to introduce evidence of these acquittals at his trial.

The issue of whether any of the images the defendant produced of R.P. are visual depictions of R.P. engaged in sexually explicit conduct, *see* 18 U.S.C. § 2251(a), is an issue for the defendant's jury, and not some other jury, to decide. There is simply no rule of evidence or under which the defendant could seek to admit the verdicts of other juries concerning other defendants in the defendant's case.

The government intends to call at trial Detective Chad Gish, Metro Nashville Police Department, concerning the issue of interstate nexus. Detective Gish is one of the multiple law enforcement officers who has recovered R.P.'s

images in other investigations. The documents concerning Detective Gish's recovery of child pornography in his investigation, which include images of R.P., have been turned over in discovery. Further, the images of R.P. recovered during Detective Gish's investigation were made available for the defendant's review at the October 3, 2011 hearing in this matter. The defendant should be more cautious about what he asks for and what he claims to be admissible evidence. The defendant, who was charged in the Middle District of Tennessee and who had images of R.P. that Detective Gish recovered, pleaded guilty on August 19, 2011. *See United States v. Jason Pate*, Case No. 09-000106 (M.D. Tenn.) (Haynes, Jr., J.). The United States does not believe that the defendant is really contending that this fact is admissible in the defendant's trial.

The motion for disclosure by prosecution is without merit and should be denied.

**D.     "Amended Motion to Suppress"**

The defendant's amended motion to suppress is an attempt on his part to reopen and reexamine the law of this case. This Court orally denied the defendant's motion to suppress following the October 3, 2011 hearing and in its October 11, 2011 Order (R.80). The defendant, now proceeding *pro se*, believes he has found the golden ticket that will lead to suppression of the incriminating evidence recovered from the defendant's Dell Inspiron: On October 5, 2009,

SSRA Michael Mitchell, ICE, took possession of the Dell Inspiron laptop that the defendant had previously consented to having seized and searched; ICE, however, did not obtain a federal search warrant until 10 days later on October 15, 2009.  This fact was disclosed long ago in discovery and documents concerning this transfer of the computer to ICE on October 5, 2009 were also included in the United States' appendix to its response to the motion to suppress.  This is neither newly discovered evidence nor a consequential fact in light of this Court's October 11, 2011 Order denying the motion to suppress.

This Court has held that "Defendant validly consented to the complete search of the Dell Inspiron and never revoked that consent."  (R.80, p. 14).  Hence, that the Springfield Police Department legally could and did transfer custody of the Dell Inspiron to ICE on October 5, 2011.  Moreover, ICE could have, but did not, conduct a complete search of this computer pursuant to that valid consent.

The amended motion to suppress is without merit and should be denied.

E.   **"Defendant's Request for Explanation"**

The defendant requests that the United States explain to him why the second superseding indictment is different from the first superseding indictment and if it intends to file charges against third parties. The United States declines the defendant's request to divulge its opinion work product and privileged information and the bases of its prosecutorial discretion.

F.   **"Motion for Recusal"**

This motion is meritless, like each of the above-described motions. The motion has no basis in fact or law and should be denied. The defendant's motion for recusal comes down to the fact that he disagrees with and dislikes some of this Court's rulings. If these were grounds for recusal, there would be no district court judges to ever hear a case.

## Conclusion

For the foregoing reasons, the United States respectfully requests this Court deny the following motions filed by the defendant:

- ■   "Defendant's First Claim of Prosecutorial Misconduct," Doc. No. 111;

- ■   "Motion for Disclosure of Photos," Doc. No. 112;

- ■   "Motion for Disclosure by Prosecution," Doc. No. 113;

- ■   "Amended Motion to Suppress," Doc. No. 114;

- ■   "Defendant's Request for Explanation," Doc. No. 115; and

- "Motion for Recusal," Doc. No. 116.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY


By:   /s/Greggory R. Walters
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309-671-7050
Fax: 309-671-7259

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th Day of October, 2011, I filed a copy of the foregoing response with the Clerk of the Court using the CM/ECF system, which will cause notice of the response to be sent to:

> Jon Gray Noll
> Daniel A. Noll
> *Stand by Counsel*

I further certify that on this same date, I placed a copy of the foregoing response in the United States Mail, First Class and postage prepaid, addressed to:

> Jeffrey Price
> *Pro Se* Defendant
> Pike County Jail
> 204 E. Adams Street
> Pittsfield, Illinois 62363

I further certify that on this same date, I sent a copy of the foregoing by facsimile, 217-285-4496, addressed to the attention of Jeffrey Price, *Pro Se* Defendant.

> /s/Jessica Stowe
> Legal Assistant