UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No.   09-CR-30107 |
| JEFFREY PRICE, ) | |
| Defendant. ) | |

**GOVERNMENT'S NOTICE OF INTENT TO OFFER EVIDENCE
PURSUANT TO FEDERAL RULE OF EVIDENCE 404(B)**

The United States of America hereby offers its notice of intent to offer evidence pursuant to Federal Rule of Evidence 404(b).

The United States contends that the following evidence is relevant and direct evidence of the crime charged and is therefore admissible pursuant to Fed. R. Evid. 401 without resort to Fed. R. Evid. 404(b). *United States v. Gorman*, 613 F.3d 711, 717-18 (7th Cir. 2010). However, to avoid any argument that the evidence is admissible only pursuant to Rule 404(b) and that no notice was given, the United States herein states that there may be testimony in its case concerning the following facts:

1)   that the Defendant showed his son a video depicting child pornography;

2) that the Defendant asked his son hypothetical questions about his son having a sexual relationship with RP;

3) that the Defendant made statements to his son concerning references to incest in the Bible and the Defendant's wish to live in such times;

4) that the Defendant showed the victim RP websites that contained images of child pornography;

5) that the Defendant asked RP hypothetical questions about her having a sexual relationship with her brother;

6) that the Defendant made statements to the victim RP concerning references to incest in the Bible and the Defendant's wish to live in such times.[1]

This evidence is admissible because it is direct evidence of the crimes charged in the indictment. Specifically, this testimony is relevant to establish that the Defendant knowingly placed child pornography on the computers at issue. Furthermore, the proposed testimony establishes that the defendant intended to produce images of RP that depicted her engaged in sexually explicit conduct. (This evidence also is relevant to refute any defense by the Defendant that the

---

[1] With one exception, the testimony described in this notice came to the attention of the United States on October 25, 2011. The proposed testimony described in point 2 was disclosed to the Defendant at Bates # 665.

images were produced to create a modeling portfolio, which the defendant has claimed in previously filed pleadings, such as his motion to suppress.)  As such, this evidence is directly relevant to the jury determination of whether Defendant Price is guilty of both of the charged crimes.  For that reason, the government carries no obligation to provide notice of intent to offer that evidence.  *See also*, R.48 (Order ruling that evidence of the Defendant's molestation of RP is direct evidence of the charged crimes).

Even if, however, this evidence were admissible not as direct evidence of the crime, but as other evidence admissible pursuant to Rules 404(b).  Evidence offered pursuant to Rule 404(b) is admissible if

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Asher,* 178 F.3d 486, 492 (7th Cir.1999).  All six proposed lines of testimony satisfy this test.  The evidence establishes that the Defendant committed these crimes (identity), that he acted knowingly, and that he acted with the requisite purpose.  The evidence refers to acts that occurred contemporaneously with the charged conduct.  The evidence is sufficient to

establish that the conversations took place. Finally, the evidence is highly probative but is not, particularly in the context of all the evidence that will be offered in this case, unfairly prejudicial.

    Respectfully submitted,

    JAMES A. LEWIS
    UNITED STATES ATTORNEY


By:    /s/Greggory R. Walters
    Assistant United States Attorney
    One Technology Plaza
    211 Fulton Street, Suite 400
    Peoria, Illinois 61602
    Tel: 309-671-7050
    Fax: 309-671-7259

    Alexandra R. Gelber, DC Bar No. 473773
    Assistant Deputy Chief
    U.S. Dept. of Justice, Criminal Division
    Child Exploitation and Obscenity Section
    1400 New York Avenue, NW, Suite 600
    Washington, DC 20530
    Telephone: (202) 307-1316
    Fax: (202) 514-1793
    alexandra.gelber@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>John Gray Noll
>Daniel A. Noll
>Stand-by counsel

I further certify that on this same date, I placed a copy of the foregoing in the United States Mail, First Class, postage prepaid, addressed to:

>Jeffrey Price
>Pro se Defendant
>Pike County Jail
>204 E. Adams Street
>Pittsfield, IL 62363

I further certify that on this same date, I sent a copy of the foregoing by facsimile, 217-285-4496, addressed to the attention of Jeffrey Price, Pro Se Defendant.

/s/Jessica Stowe
Legal Assistant