IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-30107 |
| ) | |
| JEFFREY PRICE, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF DAVID DECKER, MD.

The United States, in support of its motion to exclude the testimony of David Decker, M.D., states:

### Background

At the *pro se* defendant's request, the Clerk of the Court issued a subpoena commanding the appearance of David Decker, M.D., to testify as a witness at the trial in the captioned matter. Based on information and belief, Dr. Decker is a licensed psychiatrist who concentrates in pediatric and adolescent psychiatry. Further, based on information and belief, the defendant intends to call Dr. Decker to inquire about confidential psychiatric treatment that Dr. Decker provided to R.P.

The United States respectfully requests this Court exclude the testimony of Dr. Decker and quash the subpoena.

**Argument**

Rule 501 of the Federal Rules of Evidence provides:

> Except as otherwise required by the Constitution . . . or provided by Act of Congress or in the rules prescribed by the Supreme Court pursuant to statutory authority, the privilege of a witness [or] person . . . shall be governed by the principles of common law as they may be interpreted by the courts of the United States . . . .

In *Jaffee v. Redmond*, 518 U.S. 1, 15-16 (1996), the Supreme Court recognized a federal psychotherapist-patient privilege that covers confidential communications made to licensed psychotherapists, psychologists, and social workers. The Court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Id.* at 15. The Court further stated that the privilege "serves the public interest by facilitating the provision of appropriate treatment for individuals suffering the effects of mental or emotional problems," and that "[t]he mental health of our citizenry . . . is a public good of transcendent importance." *Id.* at 11. The Court further rejected the notion that the privilege contains a balancing test, stating:

> Making the promise of confidentiality contingent upon a trial judge's later evaluation of the relative importance of the patient's

2

> interest in privacy and evidentiary need for disclosure would eviscerate the effectiveness of the privilege.  As we explained in *Upjohn*, [449 U.S. 383, 393 (1981)], if the purpose of the privilege is to be served, the participants in the confidential conversation "must be able to predict with some degree of certainty whether particular discussions will be protected."  An uncertain privilege, or one which purports to be certain but results in widely varying applications by the courts, is little better than no privilege at all.

*Id.* at 17-18.

The defendant's Sixth Amendment right to confront a witness does not eviscerate victim R.P.'s psychotherapist privilege.  Please assume for the sake of argument that R.P. also has an attorney with whom she has communicated confidentially and the defendant obtained a subpoena from the Clerk of the Court commanding R.P.'s attorney to testify at the upcoming trial.  The United States respectfully believes that this Court would, and rightly should, make very quick work of any claim that R.P.'s attorney-client privilege must be balanced with a defendant's cross-examination needs.  Any argument by the defendant that R.P.'s psychotherapist-patient privilege must be balanced with the defendant's cross-examination needs is equally deficient.  Simply, a balancing test that favors the Sixth Amendment over the psychotherapist-patient privilege would make the privilege something less than a privilege of "transcendent importance."  *See Jaffee*, 518 U.S. at 11.

"[T]he Confrontation Clause only guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and

3

to whatever extent, the defense might wish." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52-53 (1987). The United States is certain that the defendant will have the opportunity to effectively cross-examine R.P. given his knowledge of the facts of this case and alleged offenses.

## Conclusion

For the foregoing reasons, the United States respectfully requests this Court exclude the testimony of David Decker, M.D., and quash the subpoena.

        Respectfully submitted,

        UNITED STATES OF AMERICA

        JAMES A. LEWIS
        UNITED STATES ATTORNEY

By:   /s/Greggory R. Walters
       Assistant United States Attorney
       One Technology Plaza
       211 Fulton Street, Suite 400
       Peoria, Illinois 61602
       Tel: 309-671-7050
       Fax: 309-671-7259

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th Day of October, 2011, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will cause notice of the response to be sent to:

Jon Gray Noll
Daniel A. Noll
*Stand by Counsel*

I further certify that on this same date, I placed a copy of the foregoing in the United States Mail, First Class and postage prepaid, addressed to:

Jeffrey Price
*Pro Se* Defendant
Pike County Jail
204 E. Adams Street
Pittsfield, Illinois 62363

I further certify that on this same date, I sent a copy of the foregoing by facsimile, 217-285-4496, addressed to the attention of Jeffrey Price, *Pro Se* Defendant.

/s/Jessica Stowe
Legal Assistant