IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JEFFREY PRICE, )<br>)<br>Defendant. ) | Case No. 09-30107 |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
POST-TRIAL MOTIONS**

The United States of America, for its opposition to the defendant's post-trial motions (R. 167), states:

On November 4, 2011, the defendant was convicted of one count of production of child pornography and one count of possession of child pornography following a four-day jury trial. The defendant has now submitted three pre-trial motions: a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, a motion to arrest the judgment pursuant to Federal Rule of Criminal Procedure 34, and a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. The defendant offers no argument in support of the relief he requests, and for that reason alone, his motions should be denied.

1

*Motion for a Judgment of Acquittal*: The defendant twice moved for a judgment of acquittal: at the close of the Government's case-in-chief and again at the close of evidence. Both times, the Court properly denied the motion, and it should do so again.

Pursuant to Rule 29, district courts may set aside verdicts if it determines that the evidence is insufficient to sustain the conviction. To resolve the defendant's motion for a judgment of acquittal, the Court should "view the evidence in the light most favorable to the prosecution and ask whether any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *United States v. Doody*, 600 F.3d 752, 754 (7th Cir. 2010). The defendant offers no argument in support of his claim that the evidence is insufficient.

In fact, the evidence in this case was overwhelming. On the production count, the defendant admitted to taking photographs of his daughter. There was uncontroverted evidence that the images had moved in interstate commerce, as they had been identified in an investigation that took place in Nashville, Tennessee. As for whether the defendant photographed his daughter for the purpose of producing sexually explicit images, his daughter's testimony established his sexual interest in her. RP's testimony was corroborated by her brother's testimony. Finally, the images themselves, which the jury specifically

indicated depicted sexually explicit conduct, reveal the defendant's sexual motivation.

As for the possession count, there is no question that the 500 images and videos offered into evidence depict real children engaged in sexually explicit conduct. Nor is there any doubt that the images were saved onto hard drives that had moved in interstate and foreign commerce. The defendant knew he possessed the images, as evidenced through his attempt to burn the contraband to a CD and his subsequent failed attempt to delete and erase the child abuse images. All this child pornography was found on his computer, which, according to his own witness, no one was allowed to touch. Finally, the defendant had showed child pornography to both of his children when they were still minors.

Even this brief overview of the evidence shows that the evidence was more than sufficient. Taking all of this evidence in the light most favorable to the United States, there is more than enough evidence to sustain the conviction. The defendant himself does not argue to the contrary. As such, his motion for a judgment of acquittal should again be denied.

*Motion to Arrest Judgment*: Under Rule 34, the Court must arrest judgment if the indictment does not charge an offense or if the court does not have jurisdiction over the charged offense. In deciding this motion, the Court

looks to the face of the record, and does not consider facts developed at trial. *United States v. Sisson*, 399 U.S. 267, 281-82 (1970). An indictment is sufficient if it "identif[ies] the elements of the crime, fairly inform[s] the defendant of the charge so that he may prepare a defense, and enable[s] the defendant to evaluate any double jeopardy problems." *United States v. Phillips*, 645 F.3d 859, 861 (7th Cir. 2011). An indictment that tracks the language of the criminal statute generally satisfies those criteria. *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010). In this case, the language of the second superseding indictment, R. 76, followed the language of the statutes at issue, identifying all the elements of the offense, informing the defendant of the charge, and permitting him to assess any potential double jeopardy issue. As the indictment is sufficient, there is no basis to arrest the judgment.

As for jurisdiction, 18 U.S.C. § 3231 provides that the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." The federal child pornography statutes are validly enacted, constitutional laws of the United States. *New York v. Ferber*, 458 U.S. 747 (1982); *Osborne v. Ohio*, 495 U.S. 103, 110-11 (1990); *United States v. Blum*, 534 F.3d 608, 612 (7th Cir. 2008). As such, the district court properly exercised jurisdiction over this case, and the judgment should not be arrested.

*Motion for a New Trial*: Under Rule 33, the court may grant a defendant's motion for a new trial "if the interests of justice so require." The defendant again makes no argument that justice requires a new trial, beyond a general claim that a new trial might be granted if the verdict is not supported by the evidence. R. 167 at 5. As described above, however, there was no shortage of evidence to establish the defendant's guilt. Re-trying this case would be an unnecessary waste of judicial resources. As the defendant offers no reason why a new trial would be warranted in the interests of justice, his motion should be denied.

## Conclusion

For the foregoing reasons, the United States respectfully requests that this Court deny the defendant's post-trial motions in their entirety.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
UNITED STATES ATTORNEY

By: /s/Greggory R. Walters
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309-671-7050
Fax: 309-671-7259

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th Day of November, 2011, I filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will cause notice of the foregoing to be sent to:

Jon Gray Noll
Daniel A. Noll
*Attorneys for the Defendant*

/s/Debra L. Hansen
Legal Assistant